WHITE et al. v. EWING.

(Circuit Court of Appeals, Sixth Circuit. February 5, 1895.)

No. 212.

CIRCUIT COURTS—JURISDICTION—ANCILLARY SUITS—AMOUNT IN DISPUTE.

Has the circuit court of the United States, in a general creditors' suit properly pending therein for the collection, administration, and distribution of the assets of an insolvent corporation, the jurisdiction to hear and determine an ancillary suit instituted in the same cause by its receiver, in accordance with its order, against debtors of such corporation, so far as in said suit the receiver claimed the right to recover from any one debtor a sum not exceeding $2,000? *Held*, by the circuit court of appeals for the Sixth circuit, that the question should be certified (Act March 3, 1891, § 6) to the supreme court of the United States for its proper decision.

Appeal from the Circuit Court of the United States for the Southern Division of the Eastern District of Tennessee.

This was an ancillary suit, instituted by Boyd Ewing, as receiver in the main cause of Bosworth against the Cardiff Coal & Iron Company, against J. H. White and numerous others. From the decree entered, both parties appeal. The circuit court of appeals reserves the question of the jurisdiction of the circuit court for decision by the supreme court upon certificate.

John W. Yoe, John F. McNutt, and Tully R. Cornick, for appellants.

Pritchard & Sizer (Clark & Brown, of counsel), for appellee and cross appellant.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

PER CURIAM. The Cardiff Coal & Iron Company was a corporation organized under the laws of Tennessee, with power to purchase real estate, to establish manufacturing plants thereon, to improve and subdivide the land, and to sell the same in lots. It sold many lots to different persons, more than 100 in all, and took their notes in part payment of the purchase price therefor. It became financially embarrassed, and the improvements begun by it were abandoned. Bosworth, a citizen of Massachusetts and a judgment creditor in the sum of $2,300, filed a general creditors' bill in the court below against the company. He alleged the insolvency of the company, the wasting of its assets by abandonment, and his inability under the laws of Tennessee, by reason of the incumbrance of a mortgage, to levy execution on the real estate and improvements which, with choses in action, constituted the only available assets of the company; and he prayed for the sale of the property, and the collection of its choses in action, and the distribution of the proceeds among the creditors found to be entitled. He further asked the appointment of a receiver and an injunction against further disposition of assets by the company. A receiver was appointed, and ordered to take possession of all the assets of the company, and to manage and protect the same for the benefit of the creditors, under order of the court. He was further ordered "to ascertain and report to the court what assets the company had, the kind and situation thereof, and any proper steps to be taken in respect thereto; especially any debts or liabilities to the company, and the amount and kind thereof." Creditors were ordered to file their claims against the company in the court on or before a certain date, and due publication of the order was ordered. Subsequently the receiver filed the following petition in the case:

"To the Judges of the Circuit Court of the United States for the Southern Division of Eastern District of Tennessee: Your petitioner, Boyd Ewing, respectfully represents and shows the court that he was heretofore appointed receiver of this court in the above-named case, which is a general creditors' bill, brought to wind up the affairs of the defendant company as an insolvent corporation, and to administer its assets for the benefit of its creditors. The record of the case as made up to this time is referred to without going further into detail, which is not deemed necessary for the purpose of this petition. Petitioner, as such receiver, was directed in the order of appointment to make report to the July rules in regard to the debts, assets, property, and general condition of the defendant company, which he has done. Petitioner shows the court that a large portion of the assets of said company consists of promissory notes due said company, amounting in the aggregate to about the sum of $225,000, given for land purchased from said company, with liens retained to secure same. There are also debts by account to the amount of about $14,000 due said company. On all of said notes and accounts, your petitioner is informed and believes that it will be necessary to bring suit or suits to collect the same, and he has been requested to bring such suits by the creditors in this court, and comes by this petition for specific authority and directions to institute suit, and as to his duty in respect thereto. Petitioner is advised and informed that, in order to save costs and the expense of many suits, it is proper, if it may be done, to bring in all the debtors by bill or petition in the above case in one suit, and is so requested by creditors. Petitioner further shows that to sue said debtors separately would require one hundred (100) suits or more, with the enormous expense incident thereto. Petitioner further shows that it would be proper, in his judgment, to allow him to sell, on such terms as he may think best, certain personal property of defendant

company on hand, and of no use or service, consisting of surplus office furniture and fixtures, pipe fittings, tools, hotel range, fixtures, etc., live stock, and other personal property, excepting notes and accounts, and petitioner asks authority in this respect also. Premises considered, petitioner prays for all such orders and directions as will enable him to fully discharge his duty in regard to the matters set forth in the foregoing petition, as well as for such general instructions, if any, as the honorable court may see proper to give."

Thereupon the court made the following order:

"Nashville, Tenn., July 11th, 1891. At Chambers.

"Upon application by the foregoing petition, the receiver in this case is ordered and directed to institute suit by proper bill or petition in the pending case against all persons indebted to the defendant company (the Cardiff Coal & Iron Co.) by note or account, as set forth in his petition. Such suit may be brought without any additional bond to that already given for costs of the principal cause. The receiver is also authorized and allowed to proceed to sell, on such terms as he may deem best for the interest of all concerned, the personal property of said defendant company referred to in his petition, and such other personal effects belonging to the said company, except the notes and accounts due it, as he may think best, in advance of the hearing of the cause. He will report his action in the premises to the court after making sale of such personalty. An entry in conformity with this order and permission will be made by the clerk upon the minutes of the court in said cause.                    [Signed] Howell E. Jackson, Circuit Judge."

In pursuance of this order, the receiver filed his bill in the cause, as follows:

"Boyd Ewing, a citizen of Hamilton county, Tennessee, and receiver in the above cause, brings this bill and petition, as such receiver in said cause, against the defendants named below, and residents and citizens of the places stated, to wit: [Here follow the names of 130 persons, of whom 30 were alleged to be citizens of Tennessee, and the remainder citizens of other states.]"

The bill then proceeds:

"Said defendants above named are indebted to the Cardiff Coal and Iron Company by notes given for lots or parcels of land purchased from said company, it being a real-estate company. The amounts due from said defendants are shown below, where the note or notes, with dates when due and the parcel of land for which given, are stated, in connection with the name of each defendant, as follows: [Then is set forth a list of the defendants before named, with the number and amount of the notes owing by them, together with the lot or lots for which each note was given. The amounts alleged to be due from the several defendants, respectively, were in most cases less than $2,000.]"

The bill then proceeds:

"A map of said company's land is registered in the register's office of said Roane county, Tennessee, and a correct copy of the map is herewith filed as Exhibit No. 1, and made part hereof, for further and perfect description of the lands, but not for copy. Special liens were retained in each case in the deed to each purchaser to secure the deferred payments of purchase money, and copies of the deeds will be filed on or before the hearing, if necessary. Your petitioner is advised that he has the right to have said liens in favor of said company so retained enforced in this court by sale of said lots in satisfaction of the balances of purchase money, and to have decrees against each and all of said defendants separately for the amounts due upon their several notes. In addition to the debts due said company for real estate purchased, the defendants below named are indebted to said company in the amounts and manner stated, with residence and citizenship stated, that is to say: [Then follows a list of debtors of the company not lot purchasers.]"

The bill proceeds:

"Petitioner is advised that he has a right to collect said debts, and bring them into the office of this court for administration, as part of the assets of

said company. and for this purpose to have decrees thereon. Your petitioner respectfully shows that some of said notes are in the possession of others by hypothecation or pledge as collateral security for debts, but the title is in said company, and your petitioner desires and is advised that he has the right to collect the same subject to the rights growing out of the pledge, and to have the balance of proceeds over and above the debts secured by the pledge brought into court, as part of the assets to be administered as aforesaid, and for this purpose parties holding said collateral are in like manner made defendants hereto; and petitioner does not admit the validity of any contract or pledge, as he has not personal information, but submits to the court this question, and calls on the holders of the collateral to disclose all the facts of the transaction. This discovery in case of banks to be made by the presidents of such banks. The holders of such collateral, the particular collateral, the names and the residences of the holders are as follows: [Then follows the list of collateral holders, with the amounts of the same respectively held by them.] Your petitioner further states and shows that the above-named case, in which this petition or bill is filed, is a general creditors' bill, pending in this court to wind up the affairs of the defendant Cardiff Coal & Iron Company as an insolvent corporation, and to administer its assets as a trust fund for the benefit of all its creditors ratably, said company, as stated, being a corporation organized under the laws of Tennessee. For this purpose, and to better effectuate this object, your petitioner has been duly appointed receiver of the property and assets of said company by this court, and he has qualified and entered upon his duties as such, under the general directions common in such cases. Your petitioner, upon examination, ascertained the debtors were very numerous, as will be seen, and that the debts could only be collected by suit, and that the expense of separate suits would result in an unnecessary and enormous loss of the assets, and that such course would also, for obvious reasons, be almost impracticable and endless. In this situation your petitioner applied to this honorable court for specific instructions as to his right and duty in the matter, and an order has been duly made by this court directing this suit as brought. Said application for instructions and the order thereon are on file in the case, and referred to. All or nearly all of said notes provide for attorney's fees in case of suit thereon, and petitioner is advised he has the right to recover the same in this suit for the purpose of paying same. Premises considered, let those named as defendants hereto be made such by process according to the practice of the court against the defendants residing in the state, and as to the nonresidents, on whom process cannot be served, let an order be made pursuant to the act of congress (18 Stat. 472) directing such defendants to appear on a day to be fixed in the order, and plead, answer, or demur, and let such order be served upon such nonresident defendants, wherever found, or, in case such service of order cannot be had, let publication be made as the court may direct, as to any one or more of such defendants who cannot be so served. On the hearing, let petitioner have decree against each and every one of the defendants for the amounts so due from each, with all proper interest and reasonable attorney's fees, to be ascertained by reference, if necessary. Let the parcels of land on which liens exist for balance of purchase money, as shown herein, be sold on time in bar of the equity of redemption, for the satisfaction of such decrees, and let them have execution for any balance not so satisfied. Let decree be made against the other defendants named who are indebted to said Cardiff Coal and Iron Company. Let the proceeds arising from any of said notes held as collateral be applied in satisfaction of any debt for which the court may hold that they are legally and validly held, and let the surplus be paid over and go into the general assets for creditors. Finally, grant all such orders and decrees, special and general, as will fully effectuate the objects of this bill, as well as all proper and general relief upon the facts of the case."

Subpoena was issued and served on the resident defendants, and an order of publication made against those nonresident lot-purchasing defendants whose notes were a lien on their lots. No exception was taken to the form of the bill by demurrer or otherwise. The defendants nearly all answered, denying their liability. The cause

was referred to a master, and on his report decrees were entered against those found to be indebted. The decrees against individual defendants were, in a majority of instances, for sums less than $2,000. The lots were ordered sold to pay the amounts so found due. Appeals from these decrees were duly taken and perfected by the defendants. The nonresident defendants who had answered were permitted to withdraw their answers by Judge Key, holding circuit court, and decrees against them in personam were then refused. The right of the court to do this is denied by the receiver, and it is made the basis of his cross appeal.

Questions on the merits of the defenses are made by many of the defendants below. But the first issue presented for our consideration is that in respect to the jurisdiction of the court below to entertain the bill of the receiver, and to enter decrees thereon. We conceive that any objection to the receiver's bill on the ground that it is multifarious, or that it should have been filed as an independent bill, was waived by the filing of answers without making it, and, in case of the nonresidents, by the withdrawal of their answers, with the consequent decrees by default. More than this, we cannot think, after the decision of the supreme court of the United States in Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, that there is any doubt of the right of the receiver in this cause to bring actions in the federal court without regard to the citizenship of the parties thereto, because his suit, being only maintainable on the authority of an order of the United States circuit court, authorizing him to bring it, is one arising under the constitution and laws of the United States, and is thus manifestly within the jurisdiction of the circuit court of the United States, by virtue of the first section of the act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 433), provided that the amount in controversy exceeds, exclusive of interest and costs, $2,000.

But a much more difficult question arises when the receiver embraces, in his suit, defendants against whom he neither claims nor recovers an amount exceeding $2,000. The defendants who raise this question of jurisdiction were each of this class. Had the circuit court the power to authorize its receiver to sue, in the pending cause, persons for less sums than $2,000, and to enter decrees therefor? This is a question which might have been carried directly to the supreme court, under section 5 of the circuit court of appeals act (11 C. C. A. vii.). The jurisdiction of the circuit court to make the order to entertain the bill and to enter the decrees is based on the view that the entire estate of the debtor company was in the hands of the court for administration and distribution, and that the right to enforce the collection of sums less than the usual jurisdictional amount of $2,000 is merely ancillary or auxiliary to granting the relief sought in the original bill, of which the court is conceded to have had jurisdiction.

Because we find difficulty in reaching a conclusion on the question, and because it is of a class of questions which congress has provided may be examined on direct appeal to the supreme court,

it is ordered that, upon the foregoing statement of facts, the following question, concerning which this court requests the instruction of the supreme court of the United States for its proper decision, be certified to that court, in accordance with section 6 of the act to establish circuit courts of appeals, approved March 3, 1891 (11 C. C. A. x.):

"Question: Had the circuit court of the United States, in a general creditors' suit properly pending therein for the collection, administration, and distribution of the assets of an insolvent corporation, the jurisdiction to hear and determine an ancillary suit instituted in the same cause by its receiver, in accordance with its order, against debtors of such corporation, so far as in said suit the receiver claimed the right to recover from any one debtor a sum not exceeding $2,000?"

It is further ordered that the consideration of all other questions in this cause be stayed until the action of the supreme court upon the foregoing certificate be certified to this court.