## VANZANT *v.* SOUTHERN RAILWAY COMPANY.

An action which is brought in a State court by a resident plaintiff against a non-resident railroad corporation and its resident servants jointly, to recover damages in excess of $2,000 for the homicide of the plaintiff's son, involves no separable controversy between the plaintiff and the defendant corporation, entitling the latter to remove the cause on that ground to the circuit court of the United States, where the declaration states a prima facie case of joint and concurrent liability against all of the defendants; and this is true even though a servant of the company participating in the alleged acts of negligence is not a party to the case.

DECEMBER 14, 1910.

Petition to remove cause. Before Judge Pendleton. Fulton superior court. November 20, 1909.

A. H. Davis, for plaintiff.

McDaniel, Alston & Black, for defendant.

HOLDEN, J. The plaintiff brought suit against the Southern Railway Company, one of its conductors, and one of its brakemen, for damages caused by the homicide of the son of the plaintiff, making, among others, substantially the following allegations: The deceased was employed by the railway company as a brakeman on one of its freight-trains; and while undertaking, in the discharge of his duty, to cross one of the company's tracks, a train other than the one on which he was brakeman, while backing and running at a speed of 10 or 15 miles an hour, struck and killed him. Paragraphs 6, 7, and 8 of the petition are as follows: " (6) The hour at which this happened was about five minutes after 12 a. m. of July 23rd. It was in the nighttime. The train which ran over and killed deceased was being negligently operated by the defendants in the following respects: (a) Said train was running at a greater rate of speed than six miles per hour, although a valid ordinance of the City of Atlanta limits the speed of all trains to six miles per hour, said provision being found in section 1360 of the Code of 1895 of said City, which reads as follows: 'Any engineer or other person in charge of an engine, with or without cars attached, who shall run the same through any part of the city at a greater rate of speed than six miles an hour shall, on conviction, be fined not more than five hundred dollars, or imprisoned not longer than thirty days, either or both, in the discretion of the recorder's court.' (b) There were no lights upon the front end of the car, and no brakeman or flagman there to warn any person on the crossing of the approach of the train. (c) There was no flagman or switchman stationed at the crossing or preceding the forward car to warn persons at the crossing and prevent them from being run over. (d) Defendant employees and defendant company knew the usual mode of operating freight-train No. 86, which was then passing Fair street in full view of said defendants, who knew the custom for the brakeman to get way-bills for his train at Fair street, and yet neither they nor either of them took any precaution or used any diligence to avoid injuring deceased, but on the contrary so recklessly and negligently managed the train on the north-bound main line as to run over and kill deceased. (7) Plaintiff charges that defendant Hardwick was

the brakeman in charge of the forward end of the train which killed deceased, and that it was within his power and duty to control the movements and speed of his train by giving signals to the engineer, and that it was further his duty to display a light at the forward end of the foremost car of his train, as provided by the following rule of defendant company: 'When cars are pushed by an engine (except when shifting and making up trains in yards) a white light must be displayed on the front of the leading car by night;' and that it was further his duty to take position on the front of the leading car, as provided by the following rule of defendant company: 'When cars are pushed by an engine (except when shifting and making up trains in yards) a flagman must take a conspicuous position on the front of the leading car and signal the engineman in case of need.' Plaintiff charges that both rules quoted in this paragraph were well known to all of the defendants as well as to the deceased, and that no one of the defendants complied with either of said rules on the train which killed deceased at the time he was killed. Plaintiff further charges that the engine pushing the cars which ran over deceased was not at that time 'shifting or making up trains in yards' and was not 'shifting and making up trains in yards.' (8) Plaintiff shows that defendant Russ was the conductor in charge of the train which killed deceased, and as such had the authority and the duty to control and regulate the movements of said train according to law and with proper diligence, and it was further his duty to see that the train was properly run without negligence for the safety of employees of other trains who in the course of their duty came properly and with his knowledge within the sphere of action of his own train; and that it was especially his duty to see that his train did not run too fast over a public crossing, and that at such place the rules of the company were observed in regard to displaying lights and having the flagman or brakeman on the front end of the leading car, or else a flagman or switchman preceding the leading car on the ground. Plaintiff charges that said conductor failed to perform these duties, and concurred with the other defendants in running said train negligently and with reckless disregard of the safety of deceased, as aforesaid."

Upon application of the railway company, alleging that it was

a non-resident corporation and that the plaintiff was a resident of this State, the court ordered that the case be removed for trial to the next circuit court of the United States for the northern district of Georgia; and to this order the plaintiff filed exceptions.

1. One of the grounds upon which the railroad company sought a removal of the case to the Federal court was that a separable controversy was shown between the defendant and the plaintiff, in the allegation of negligence wherein it was stated that the train was run at a greater speed than six miles per hour, in violation of an ordinance of the City of Atlanta, within the limits of which the train was being run. Another ground was that a separable controversy existed between defendant company and the plaintiff, by reason of an allegation as follows: "There was no flagman or switchman stationed at the crossing or preceding the forward car to warn persons at the crossing and prevent them from being run over." We do not think a separable controversy was presented by either of the allegations of negligence above referred to. The petition alleged, "The train which ran over and killed deceased was being negligently operated by the defendants in the following respects;"—then followed allegations of negligence including those above referred to. It was further alleged in the petition, with reference to the brakeman, that "it was within his power and duty to control the movements and speed of his train by giving signals to the engineer." The suit having been brought against the brakeman and the conductor, the allegations that the train was being negligently operated "by the defendants" in the manner stated could have no other meaning than that the brakeman and conductor were engaged in the negligent acts referred to. The allegation that it was within the power and duty of the brakeman to control the movements and speed of the train, coupled with the allegation that the defendants (which included the brakeman) were guilty of negligence in operating the train at a speed exceeding six miles per hour in violation of the city ordinance, necessarily meant that such negligent operation of the train involved the negligent conduct of the brakeman. It is not distinctly stated in what way the brakeman was connected with the negligent act alleged to consist in there being "no flagman or switchman stationed at the crossing or preceding the forward car," but this is one of the allegations

of negligence referred to in the averment of the petition that the
train which killed the deceased was being negligently run by the
defendants "in the following respects." The petition having gen-
erally charged acts of negligence alleged to be the joint acts of the
defendants, the court has no right to say that any separable con-
troversy existed between the plaintiff and any one of the defend-
ants. The plaintiff had a right to bring the suit as he saw fit,
and the question as to whether any one defendant was properly
charged with an act of negligence alleged against him is not for
determination upon a motion to remove the case to the Federal
court. The conductor was never served, and a return of non est
inventus was made by the sheriff as to him. No act of negligence
of the company through the conductor, with which the brakeman
was wholly disconnected, is alleged to have of itself caused the
death of the deceased. The alleged negligent acts of the conductor
formed only a part of the controversy. Every act of negligence
alleged to have caused the death of the deceased is averred to have
been concurred in by the brakeman. The brakeman is alleged to
have concurred in every act of negligence generally and specially
alleged against the conductor, and the latter is alleged to have
participated in every act of negligence generally and specially
alleged against the former. Hence, it makes no difference whether
or not the conductor be considered a party to the case, and we do
not think there is any merit in that ground of the motion seeking
a removal of the case wherein it is alleged that the acts of negli-
gence charged against the conductor, he being no party to the case,
are acts of negligence charged against the company in which the
brakeman did not participate, and form a separable controversy
between the plaintiff and the railway company. If the brakeman
committed an act of negligence causing the homicide, the mere
fact that the conductor had the authority and it was his duty to
prevent the commission of such act, and he failed to prevent it,
and that this amounted to negligence on his part, would only form
a part of the controversy and would be inseparably interwoven
with the negligence alleged against the brakeman. If the failure
of the conductor to have the brakeman perform his duty would
be a negligent act giving a right of action, it would necessarily
involve a failure of duty on the part of the brakeman, another
employee of the railway company, and for whose negligence the

company and the brakeman would be jointly responsible. If the negligent act of the conductor could not be one giving a cause of action without necessarily involving a negligent act of the brakeman relating to the same matter which would give a cause of action, such negligent act of the conductor would only form a part of the controversy and would not constitute a controversy separate and distinct from the one alleged to exist by reason of the negligent acts of the brakeman. Where joint and concurrent acts of negligence are alleged against a railroad company and several of its servants, for which they are jointly and severally liable, the fact that all of the servants are not parties defendant does not make a separable controversy removable under the Federal statute. Fox v. Mackay, 60 Fed. 4.

Another ground upon which it was sought to have the case removed was that the words "defendant employees," used in the 6th paragraph of the petition, included all of the employees of the railway company in charge of the movements of the train. Whether or not a separable controversy would exist if this was true need not be considered, for the reason that the words "defendant employees" only included the brakeman and conductor, who were the employees of the railway company, and who were the only named defendants in the suit other than the railway company. Besides, the acts of negligence "by the defendant employees and defendant company" were acts of negligence referred to in the allegation charging that the train which killed the deceased "was being negligently operated by the defendants in the following respects." The question as to whether or not there is a separable controversy must be determined from the pleadings of the plaintiff. The fact that a resident defendant might interpose defenses which, if sustained, would relieve him of liability, and would leave a controversy only between the plaintiff and the non-resident defendant does not make a case for removal. In Louisville and Nashville Railroad Co. v. Ide, 114 U. S. 52, 56 (5 Sup. Ct. 735, 737 (29 L. ed. 63), it was said: "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. Smith v. Rines, 2 Sumner, 348 [Fed. Cas. No. 13,100]. A separate defense may defeat a joint recovery, but it can not deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy,

and that is for all the purposes of the suit whatever the plaintiff declares it to be in his pleadings." All of the defendants are jointly charged with every act alleged to have caused the death of the son of the plaintiff; and the court committed error in granting an order removing the case to the Federal court. In this connection, see 2 Foster's Fed. Prac. § 384; Elliott on Railroads, §§ 650, 650a; Ala. Great So. Ry. Co. v. Thompson, 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441, 4 Am. & Eng. Ann. Cas. 1147) ; Note to Wecker v. National &c. Co.; 9 Am. & Eng. Ann. Cas. 757; Miller v. Clifford, 133 Fed. 880 (67 C. C. A. 52, 5 L. R. A. (N. S.) 49) ; Louisville & N. R. Co. v. Vincent, 116 Tenn. 317 (95 S. W. 179, 8 Am. & Eng. Ann. Cases, 66) ; Fox v. Mackay, 66 Fed. 4.

*Judgment reversed. All the Justices concur.*