## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* ROBERTS.

An action brought in a State court by a resident plaintiff against a non-resident railroad corporation and certain of its servants, some of whom are residents, jointly, to recover damages in excess of $2,000 on account of alleged personal injuries to the plaintiff, involves no separable controversy between the plaintiff and the non-resident defendants, entitling the latter to remove the cause on that ground to the circuit court of the United States, where the declaration states a prima facie case of joint and concurrent liability against all of the defendants.

(a) Even though one of the defendants may have been alleged, in the petition for removal, to have been fraudulently joined for the purpose of defeating the right of removal, this will not destroy the right of the State court to retain a case in which there remains a proper party defendant who resides in its jurisdiction and who is jointly liable with the other defendants sued for the injuries of the plaintiff.

MAY 10, 1911.

Removal to U. S. court. Before Judge Morris. Cherokee superior court. May 30, 1910.

*Tye, Peeples & Jordan* and *D. W. Blair,* for plaintiff in error.

*R. R. Arnold,* contra.

HOLDEN, J. The defendant in error brought suit in the State court against the plaintiffs in error, the Louisville & Nashville Railroad Company and Thomas Jarvis, and two other defendants, who were employees of the railroad company. The railroad company and Jarvis, alleging they were non-residents, filed petition and bond to remove the case to the U. S. circuit court, on the ground that a separable controversy was presented between them and the plaintiff. The court declined to grant an order of removal, and they excepted. In the original petition the plaintiff alleged that he was injured in a wreck caused by the train on which he was a passenger running into a washout. He charged negligence on the part of one defendant (the engineer) in running at a dangerous rate of speed and in failing to keep a proper lookout so as to discover the washout in time to prevent the wreck; negligence on the part of another defendant (the fireman) in failing to keep proper lookout, and, though he discovered the washout, in failing to take any steps to stop the train; and negligence on the part of another defendant (the section boss) in failing to perform his duty of "keeping up the track" and in failing to inspect it and discover the alleged washout. The alleged acts of negligence on the part of these various defendants were detailed, and it was

averred: "In each and all of the particulars herein mentioned the defendant railroad company was negligent through its engineer Dobbs, through its fireman Jarvis, and through its section boss Casteel, and their joint and combined negligence caused the said wreck and consequent injury to plaintiff." The allegations of the petition did not make a separable controversy between the plaintiff and the non-resident defendants, giving the latter the right to remove the case to the Federal court. *Vanzant* v. *So. Ry. Co.*, 135 *Ga.* 444 (69 S. E. 721), and authorities therein cited.

In the petition for removal it was averred that the allegations of negligence as to the section boss, one of the resident defendants, were falsely and fraudulently made, and that the only object in joining such defendant was to defeat the right of petitioners to have the case removed to the U. S. court. These allegations do not affect the right of removal, there being still another defendant (the engineer) alleged in the petition bringing the suit to be a resident, and with respect to whom no allegation of fraudulent joinder is made in the petition for removal, or that his residence is falsely stated in the original petition. In the petition bringing the suit it was alleged that the engineer "was negligently running at a speed, at this dangerous part of the track, of from 25 to 30 miles per hour, and, as representing said railroad company, he negligently failed to avail himself of a view which he had of said washout and defective place in the track for fully 200 to 300 yards ahead, within which time he could have stopped his train or reduced its speed to where there would have been no wreck and no injury to any person. . . The defendant Jarvis, representing said railroad company as fireman on said engine, negligently failed to keep a proper lookout ahead, and, had he done so, would have discovered said washout, and in fact did discover it, but negligently failed to take any steps to bring the train to a stop, or to slow up the speed thereof." The engineer, a resident defendant, was jointly liable with the company and the fireman, alleged in their petition for removal to be non-resident defendants. *Vanzant* v. *So. Ry. Co.*, supra; *So. Ry. Co.* v. *Miller*, 1 *Ga. App.* 616 (57 S. E. 1090), Id. 217 U. S. 209 (30 Sup. Ct. 450, 54 L. ed. 732); *Eining* v. *Ga. Ry. & El. Co.*, 133 *Ga.* 458 (66 S. E. 237). If the section boss was not liable, and this fact was known to the plaintiff, who falsely and fraudulently joined him as a defendant to prevent

removal of the case to the Federal court, or if the section boss had never been joined as a defendant, the petition for removal filed by the company and the fireman, who were alleged therein to be non-residents, was not sustainable, no allegation of fraudulent joinder of the engineer as a defendant, or that he was not in fact a resident, being made in the petition for removal, and the original petition alleging acts of negligence making jointly liable for the injuries received by the plaintiff the engineer, the company, and the fireman.

*Judgment affirmed. All the Justices concur.*