## 12083.    ATLANTIC COAST LINE RAILROAD CO. *v.* WILLIAMS.

1. An action brought in a State court by a resident plaintiff against a non-resident railroad company and an engineer of the company, who was a resident of the State of Georgia, jointly, to recover damages in excess of $3,000 on account of alleged personal injuries to the plaintiff, involves no separable controversy between the plaintiff and the non-resident defendant, entitling the latter to remove the cause on that ground to the Federal court, where the petition states a prima facie case of joint and concurrent liability against both of the defendants. *Louisville & Nashville Railroad Co.* v. *Roberts*, 136 *Ga.* 270 (71 S. E. 425).

2. The petition clearly charged that the resident defendant, the engineer of the railroad company, was jointly liable with the company. There was therefore no merit in the ground of the petition for removal to the Federal Court, alleging that the engineer was fraudulently joined with the railroad company for the purpose of defeating its right of removal.

3. Under the above rulings and the facts of this case, the court did not err in overruling the petition for removal to the federal court.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED JUNE 17, 1921.

Description, and counsel's names, as in case next before.

LUKE, J., dissenting. While at the direction of the court I have written the judgment in this case, I do not agree to the conclusion reached by the court.

Amanda Williams brought her suit for damages against the Atlantic Coast Line Railroad Company, a non-resident corporation, and its engineer, H. A. McGee, a resident of Georgia, alleging that her son Joe Williams, while crossing the company's tracks in an automobile on the Gintown public road three miles south and east of Albany, Georgia, was negligently run over and killed by the company's passenger-train drawn by said McGee. The railroad company filed its petition to remove the cause to the United States court, upon two grounds: (1) because there was a separable controversy between the railroad company and the plaintiff; and (2) because there was a fraudulent joinder of the engineer as a codefendant with the company, for the purpose of preventing a removal of the case to the Federal court. The correctness of the judgment of the court denying the motion for removal is here for determination.

Where, as in the first ground of removal, the question is solely whether there is a separable controversy, the removability of the cause is for determination by the State court under the State

law upon the pleadings and the record at the time of the application for removal; and the case which is made in the declaration, bill or complaint, that being the only pleading in the case, determines the separable character of the controversy. *Alabama Great So. R. Co. v. Thompson*, 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441, 4 Ann. Cas. 1147); *Atlantic Coast Line R. Co. v. Bremer*, 9 *Ga. App.* 640 (72 S. E. 43). And for the purpose of this investigation, the allegations of the petition must be taken as true. *Vanzant v. So. Ry. Co.*, 135 *Ga.* 444 (69 S. E. 721). If the petition contains a distinct and separate charge of actionable negligence against the non-resident defendant alone, sufficient in and of itself to give rise to a cause of action, the case would be one involving a separable controversy, and would be removable. *So Ry. Co. v. Edwards*, 115 *Ga.* 1022 (42 S. E. 375).

The petition in this case undoubtedly alleges a joint and concurrent act of negligence in the running of the engine against both defendants; but the controlling question here is whether there was any one actionable ground of negligence alleged against the non-resident railroad company alone. Paragraph fifteen of the plaintiff's petition is as follows: "That it was also negligence upon the part of the Atlantic Coast Line R. R. Co. not to maintain a system of signals at this particular crossing that are in general use at dangerous crossings, such as electric bells signalling the approach of trains before their arrival and blowing the whistle, and all other means such as ringing the bell and warning persons who have a right to cross at that place." This paragraph alleges a separate and distinct act of negligence against the railroad company alone, in which it is not even claimed the engineer participated. While this act of negligence of the railroad company in failing to maintain a system of signals at the crossing, such as are in general use at dangerous crossings, does not appear to be chiefly relied upon for a recovery, yet if there be a controversy, though not the main one in the suit, between citizens of different States, that could be fully determined between them alone, the case is removable. "The principle of law is well settled that where two concurrent causes operate in causing an injury, there can be a recovery against both or either of the parties responsible for the concurrent causes." *Bonner v. Standard Oil Co.*, 22 *Ga. App.* 532 (96 S. E. 573). See, in this connec-

tion, *Vanzant* v. *So. Ry. Co.,* supra, where the inference is strong that if the petition could not have. been construed as alleging concurrent negligence against the brakeman and the railway company, in that there was no flagman or switchman stationed at the crossing or preceding the forward car, there would have been a separable cause of action. In the case of *So. Ry. Co.* v. *Edwards,* supra, it was held that the allegation that the company was negligent " in 'not providing said engine with an engineer who was careful and prudent," etc., constituted a separable controversy.

Since I am of the opinion that it appears as a matter of law from an examination of plaintiff's petition that her cause involves one separable controversy, the case, in my opinion, is removable, and the lower court erred in denying the petition for removal.