14280. McKENZIE *v.* STANDARD OIL COMPANY *et al.*

STEPHENS, J. 1. Where two defendants are sued jointly in a State court for damages for an alleged tort,—an act of negligence alleged to have been jointly committed by them,—one of the defendants may nevertheless, in a proper case made, remove the suit to the Federal court upon the ground of diverse citizenship, if the petition otherwise alleges a cause of action against him, predicated upon some individual act of his own as negligence. Despite the allegation as to joint negligence, the petition nevertheless contains a separable controversy, and is therefore removable.

This ruling is upon the authority of the Supreme Court in *Southern Ry. Co.* v. *Edwards*, 115 *Ga.* 1022 (42 S. E. 375), which is reconcilable with the principle of law laid down and applied in *L. & N. R. Co.* v. *Roberts*, 136 *Ga.* 270 (71 S. E. 425), and reiterated in *A. C. L. R. Co.* v. *Renfroe*, 27 *Ga. App.* 198 (107 S. E. 881), and *A. C. L. R. Co.* v. *Williams*, 27 *Ga. App.* 202 (107 S. E. 886), irrespective of the application of the same to the particular facts in the last two cases mentioned. See, in this connection, *Southern Ry. Co.* v. *Grizzle*, 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191); Foster's Federal Practice, § 541-i; C. & O. R. Co. v. Dixon, 179 U. S. 131 (21 Sup. Ct. 67, 45 L. ed. 121); Alabama &c. R. Co. v. Thompson, 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441, 4 Ann. Cas. 1147).

2. The petition in this case, which alleges that the plaintiff was injured by the alleged negligent act of one Hinton Turner, and of the Standard Oil Company acting through the same Hinton Turner as its agent, in negligently delivering to the plaintiff a very inflammable and dangerous substance known as gasoline, in lieu of kerosene which the plaintiff had ordered, and which exploded, to the plaintiff's injury, while he was using it in operating an engine upon his premises, believing that the substance was kerosene, nevertheless alleges a cause of action predicated upon the negligence of the Standard Oil Company, alone and independent of any negligence which the codefendant may have been guilty of when handling and delivering the gasoline, where it further alleges that such injury and damage to the plaintiff was caused by "the negligence and wrong of the defendants in *selling*" and causing to be sold and delivered to the plaintiff the alleged gasoline. The allegation that the act of negligence in selling the gasoline was the negligence of the "defendants" cannot be construed as meaning an act of the defendant Hinton Turner, since the petition expressly alleges that his duties were those of "agent in the driving of its [Standard Oil Company's] trucks and wagons, and in the delivery of kerosene and other products in which said company was engaged in handling," and therefore could not have participated in any alleged act of "selling" the gasoline which it is alleged occasioned the injury to the plaintiff.

3. The trial court therefore did not err in ordering the suit against the Standard Oil Company removed to the Federal court.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1924.

Petition for removal of cause; from city court of Oglethorpe—Judge Greer. October 19, 1922.

*John B. Guerry, Gilbert C. Robinson,* for plaintiff.

*J. J. Bull & Son, Spalding, MacDougald & Sibley,* for defendant.