SOUTHERN RAILWAY COMPANY *v.* EDWARDS.

Although there may, in a suit against two or more defendants, one of whom is a non-resident, be charges of concurrent negligence against all, yet if there be also a distinct charge of negligence against the non-resident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different States, and therefore removable to the proper United States court.

Argued June 25, — Decided July 23, 1902.

Petition to remove cause. Before Judge Reagan. Monroe superior court. October 2, 1901.

*Dessau, Harris & Harris*, for plaintiff in error, cited 1 Supp. Rev. St. U. S. (2d ed.) 611; 1 Desty's Fed. Proc. (9th ed.) 485 ; 72 Fed. 637; 63 Fed. 177; 1 Jagg. Torts, 209; 72 *Ga.* 458; 76 *Ga.* 239 ; 113 *Ga.* 15 ; 110 *Ga.* 192 ; 93 *Ga.* 53 ; 80 *Ga.* 427 ; 95 *Ga.* 201; Civil Code, §§ 2612, 3830; 26 Fed. 50; 110 Fed. 803.

*Robert L. Berner*, contra, cited Civil Code, § 3817; 57 *Ga.* 253 ; 58 *Ga.* 216; 47 *Ga.* 317; 14 Am. & Eng. Enc. L. 814; 26 Ind. 70 ; 179 U. S. 131.

LUMPKIN, P. J. An action was brought by Edwards, an employee of the Southern Railway Company, against it and Russell, one of its engineers, for personal injuries which Edwards suffered in consequence of having been struck by a lump of coal which fell from the tender of a passing locomotive of which Russell was in charge. The company, which is a non-resident of this State, is here upon a bill of exceptions assigning error upon the refusal of the trial court to grant an order removing the case to the Federal court. The plaintiff in his petition alleges that both the company and Russell were guilty of a number of specified acts of negligence, one of which was overloading the tender with coal. It is in one paragraph of the petition also alleged that the company was negligent "in not providing said engine with an engineer who was careful and prudent, and who would not have permitted said tender to be thus overloaded."

In Railway Co. v. Dixon, 179 U. S. 131, it was held that: "When concurrent negligence is charged, the controversy is not separable." The decision in this case therefore seems to be authority for the proposition that in so far as related to the joint acts of negligence the case made by the plaintiff's petition would not be one which could properly be removed to the United States court. Be this as it may, however, we are quite confident that, because of that paragraph of the petition specially mentioned above, the case was removable. That paragraph certainly did not charge an act of "concurrent negligence," for it can not be true that the company's negligence in providing a careless and incompetent engineer was an act in which the latter participated. Indeed, the plaintiff does not undertake to allege that this was so, but makes his charge of negligence with respect to employing an incompetent engineer against the company alone. As to this particular matter, therefore, there was a "separable controversy" between the plaintiff and the company. The alleged negligent act of employing such an engineer, with resulting damage to the plaintiff, would, in and of itself, have given rise to a distinct cause of action involving a controversy wholly between citizens of different States, and a suit of this kind would certainly have been removable. It makes no difference that in the present case such a controversy exists in connection with others that may not be separable. The fact that there is in the suit "a controversy which is wholly between citizens of different

States, and which can be fully determined as between them," brings the case within the removal act of 1887.   Black's Dillon's Removal of Causes, § 139.   See also § 143 and cases cited.   That there is a separable controversy must appear from the plaintiff's pleadings. Id. § 141.   When removal is proper, the effect is to carry the entire case into the Federal court.   Id. § 142.

The court erred in not granting the order of removal.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*

----

Where the absence of one or more Justices is noted, they were prevented by sickness from participating in the adjudication of the cases.

----

On August 8, 1902, Rule 10 was so amended as to read as follows:

§ 5609.   Rule 10.   *Bills of exceptions and transcripts, how prepared.*   Every bill of exceptions or transcript of record shall be plainly written or printed upon white paper, with ample spacing between the lines, so as to be read without more than ordinary strain or effort.   If written with pen or typewriter, the same most be done on only one side of each sheet, and a margin of at least one and one quarter inches shall be left at the top of each page.   The paper of pen or typewritten bills of exceptions and transcripts shall measure not less than seven and three quarters by twelve and one half, nor more than eight and one half by fourteen inches.   Photographs shall not be mounted upon cardboard, but upon cloth or paper.   All written or printed matter shall be fully exposed to view, and no writing or printing shall be hidden by metallic fasteners or binding of bills of exceptions or transcripts.   Any violation of this rule will be dealt with as a contempt of court.