### BAKER et al. v. JACKSONVILLE TRACTION CO. et al.

#### (District Court, S. D. Florida. November 3, 1917.)

#### Nos. 522, 643.

1. REMOVAL OF CAUSES ⬨⇒49(3)—JOINDER—SEPARABLE CONTROVERSY.

    Comp. Laws Fla. 1914, § 1389, declares that causes of action, of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except that replevin and ejectment shall not be joined together. Section 3148 declares that a railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, cars, or other machinery of such company, unless the company shall make it appear that their agents have exercised all ordinary reasonable care and diligence; the presumption being against the company. Plaintiffs, claiming damages for injuries asserted to have been inflicted through the joint negligence of defendant traction company, a foreign corporation, and its motorman, jointly sued the two in the state court. *Held* that, as section 3148 has been construed by the Florida Supreme Court as a rule of evidence, the two causes of action could be joined; the fact that the motorman was directly liable and the corporation under the doctrine of respondeat superior not changing the rule, negligence being the basis for the right against each. Hence the foreign corporation could not remove the case to the federal court on the ground of its diversity of citizenship; there being no separable controversy.

2. REMOVAL OF CAUSES ⬨⇒48—SEPARABLE CONTROVERSIES—RIGHT TO REMOVE.

    Where a declaration in an action in the state court, in which a resident and a nonresident were joined as defendants, states a cause of action, there is no separable controversy which the nonresident can remove to the federal court.

3. COURTS ⬨⇒508(8)—REMOVAL—INJUNCTION AGAINST PROCEEDINGS IN STATE COURT.

    A nonresident defendant may, its petition for removal having been denied, file the transcript in the federal court, and, it appearing that the joinder of a resident as defendant was fraudulent and that the declaration did not state a cause of action against both, secure an order enjoining further proceedings in the state court; but, unless the declaration is defective and there is a fraudulent joinder, the cause should be remanded.

At Law.. Action by Julia P. Baker and George B. Baker, her husband, begun in state court, against the Jacksonville Traction Company and W. C. Godboldt. The first-named defendant's petition for removal of the cause on the ground that the controversy was separable having been denied, it filed the record in the federal District Court, together with a bill to restrain plaintiffs from further proceeding in

⬨⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the state court. On motion to remand. Injunction denied, and motion for remand granted.

A. H. & Roswell King and N. P. Bryan, all of Jacksonville, Fla., for plaintiffs.

John L. Doggett and W. K. Jackson, both of Jacksonville, Fla., for defendants.

CALL, District Judge. In the above case a declaration was filed in the state court claiming damages for injuries claimed to have been inflicted through the joint negligence of the defendants. One of these defendants is a foreign corporation, and the other defendant is a resident and citizen of this state. Petitions for removal of cases No. 522 and No. 643 were filed by the foreign corporation on the ground that the cause of action was separable and the citizenship diverse. The order of removal was entered in case No. 522, and denied in case No. 643. A motion to remand case No. 522 is made. In case No. 643, having the record filed in this court, the nonresident corporation filed its bill to restrain the plaintiffs from further proceeding in the state court.

[1] The main question in these cases is: Can the corporation employer and the motorman in charge of the street car, the negligent running of which it is claimed caused the injury, be joined in the action as joint tort-feasors? There is no question that joint tort-feasors, as a general rule, may be sued jointly, and a recovery had against one or more or all. But the corporation defendant claims that section 1389 of the Compiled Laws of Florida makes the joinder of the corporation and the motorman improper; that the right of action against the corporation is in case, and against the motorman is in trespass, and not in the same rights—the motorman being responsible for the result of his negligence under a common-law liability, and the corporation under the rule of respondeat superior under the statutes of the state of Florida. Section 1389 reads:

"Causes of action, of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except," etc.

Does this statute make it improper to sue the master and servant jointly for a tort? I think not. The cases in the Supreme Court of Florida, referred to by counsel for the defendant, were claims by the plaintiff in a different right and capacity. Not so in this case; the right of the plaintiffs against each of the defendants is the same—to be remunerated for the injury. The liability of the master and servant to make such remuneration existed before the passage of section 3148 of the Compiled Laws, and that section has been construed by the Supreme Court of Florida to be a rule of evidence. Negligence is still the basis of the action. The fact that the defense of the two defendants is different, that contributory negligence would excuse one and not the other, that presumption of negligence arises against one on proof of injury, and not the other, does not to my mind make the rights different, but does make different defenses, and does not make a separable case removable from a state court to the United States court.

[2] The test applied by the Supreme Court of the United States in many decisions seems to me: Does the declaration state a good case of joint liability under the state laws? If it does, the case is not separable.

[3] Now, in case No. 643, petition for removal, bond, etc., were duly filed, and upon hearing the state court denied the petition and is proceeding with the case. The defendant corporation thereupon procured and had filed in this court the transcript, and thereupon filed its bill seeking to enjoin the plaintiffs from further proceeding in the state court. The petition for removal sets out the declaration on its face, and shows that the cause of action is not joint, etc. In C. & O. Ry. Co. v. Cockrell, Adm'r, 232 U. S. 154, 34 Sup. Ct. 278, 281, 58 L. Ed. 544, Mr. Justice Van Devanter says:

"In this case, had the petition contained a sufficient showing of a fraudulent joinder, accompanied as it was by a proper bond, the state court would have been in duty bound to give effect to the petition and surrender jurisdiction, leaving any issue of fact arising upon the petition to the decision of the federal court. * * * And, had the state court refused to give effect to the petition, it and the bond being sufficient, the railway company might have obtained a certified transcript of the record, * * * and, upon filing the transcript in the federal court, might have invoked the authority of the latter to protect its jurisdiction by enjoining the plaintiff from taking further proceedings in the state court, unless the cause should be remanded."

There is no question of fact in this case. The petition for removal makes it a question of law whether the defendants were improperly joined as joint tort-feasors. The question of the sufficiency of the petition in this respect was what, I suppose, the state court decided in this case denying the petition. It was because the petition was insufficient in the charge of fraudulent joinder that the court sustained the jurisdiction of the state court in C. & O. Ry. Co. v. Cockrell, supra.

According to my view as above expressed, the petition in this case was insufficient to show a separable cause of action, and the injunction will therefore be denied, and the motion to remand No. 522 will be granted.