24193. ARMOUR & COMPANY *v.* A. C. BOWDEN *et al.*
24194. ARMOUR & COMPANY *v.* J. O. BOWDEN *et al.*

JENKINS, P. J. 1. The pleadings and questions involved in these cases being the same, and the cases being briefed and argued together, they are so determined.

2. A suit, otherwise removable from a State court to the district court of the United States for the proper district under section 71 of the Federal judicial code (U. S. C. A. title 78, § 71), may be so removed when in the suit "there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them." The word "controversy" is to be construed as equivalent to the phrase "matter in controversy." Old Dominion Oil Co. *v.* Superior Oil Cor. (Ky.), 283 Fed. 636. "A controversy [is] involved, in the sense of the statute, whenever any property or claim of the parties capable of pecuniary estimation [is] the subject of litigation and [is] presented by the pleadings for judicial determination." Hilton *v.* Dickinson, 108 U. S. 165 (2 Sup. Ct. 424, 27 L. ed. 688).

3. While it is the general rule, in determining whether such a separable controversy exists as will authorize a removal, that a cause is not removable "if the defendants are charged with direct or concurrent or concerted wrongful action (Chesapeake &c. R. Co. *v.* Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. ed. 121; Gableman *v.* Peoria &c. R. Co., 179 U.

S. 335, 21 Sup. Ct. 171, 45 L. ed. 220), that "if the plaintiff allege that the concurrent negligence of both defendants caused his injury, he may join them in one action, and if he does so, the fact that he might have sued separately furnishes no ground for removal," is being "enough if the concurrent acts of negligence of each contributed to the injury inflicted upon the plaintiff" (Chicago Ry. Co. v. Dowell, 229 U. S. 102, 111-113, 33 Sup. Ct. 684, 57 L. ed. 1090), and the test applied under some of the decisions is merely, "Does the declaration state a good cause of joint liability under the State laws?" and if it does, "the case is not separable" (Baker v. Jacksonville Traction Co. (Fla.), 247 Fed. 718; and see also Beal v. Chicago R. Co. (Mo.), 298 Fed. 180; American Bridge Co. v. Hunt (O. O. C. A.), 130 Fed. 302), yet the rule adopted by the Supreme Court of this State, cited with approval and followed by the United States Court for the Northern District of Georgia, is that, "although there may, in a suit against two or more defendants, one·of whom is a nonresident, be charges of concurrent negligence against all, yet if there be also a distinct charge of negligence against the nonresident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different States, and therefore removable to the proper United States Court," and "when removal is proper, the effect is to carry the entire case into the Federal court." So. Ry. Co. v. Edwards, 115 Ga. 1022, 1023, 1024 (42 S. E. 375); Adderson v. So. Ry. Co., 177 Fed. 572; Cayce v. So. Ry. Co., 195 Fed. 787; Atlantic Coast Line R. Co. v. Bryant, 7 Ga. App. 703 (67 S. E. 1049); McKenzie v. Standard Oil Co., 31 Ga. App. 615 (121 S. E. 847); Pan-American Petroleum Cor. v. Williams, 45 Ga. App. 490, 493 (165 S. E. 473).

4. Under the foregoing rules, where a wholesale packer of a meat product and a retail merchant were sued jointly by a purchaser from the latter for injuries received from eating a portion of the product, and the petition, while alleging that both defendants were negligent in selling the same to the plaintiff, in failing to properly inspect or examine the container before the sale, and in failing to warn him before the sale that the product was poisonous and dangerous for human food, yet alleged separate acts of negligence against the packer in failing to cover the product with sufficient oil to protect the same against decay or becoming poisonous or cankerous, and in placing too much of the product in the container to be properly covered by oil, and separate acts of negligence against the retail merchant in keeping the product for sale and in failing to return it to the manufacturer after seeing and knowing that it was cankered and poisonous, the pleading of the plaintiff showed on its face a separable controversy between the plaintiff and the packer, within the meaning of the Federal statute, and the court erred in denying the petition of the nonresident packer for removal. Particularly is the controversy separable under the express averment that "defendants have injured and damaged plaintiff *individually* and jointly . . by reason of facts hereinafter set forth."

Judgment reversed. Stephens and Sutton, JJ., concur.

Decided January 14, 1935. Rehearing denied February 2, 1935.

478.

*Harold Hirsch, Marion Smith, A. S. Clay,* for plaintiff in error. *J. C. Bowden, Frank Hatchett,* contra.