25919.   SOUTHERN RAILWAY CO. *v.* DUNCAN *et al.*

Decided February 27, 1937.

W. Neal Baird, Neely, Marshall & Greene, Edgar A. Neely Jr., for plaintiff in error.

*Hewlett & Dennis,* contra.   *Howell & Post,* amici curiæ.

Sutton, J.   Mrs. Dora Duncan brought suit against the Southern Railway Company, a foreign corporation, and R. E. Brown, a resident of Georgia, for the alleged negligent homicide of her husband, J. A. Duncan, alleging that Brown was in the employment of the railway company as engineer, in charge of a switch-engine engaged in switching cars in what is known as the Decatur Street yards in Atlanta; that before his death her husband was a car-inspector whose duties required him to inspect cars in said yards; that in doing so it was necessary for him to go upon the railroad-tracks and between cars located thereon; that he was at work on track number 2 when the defendant company's engineer, Brown, kicked a cut of cars into said track at a rapid and reckless rate of speed; that neither the engineer nor any of his crew gave

Duncan any signal or warning of the intention to do so, notwithstanding a custom and practice long existing in said yards not to kick cars into said track from its western end; that no servant or agent of the defendant company rode said cut of cars to control the speed or direct their movements; that in the exercise of ordinary care some servant or agent of the company should have ridden said cut of cars for the purpose of controlling the speed and directing the movements thereof; that at this time the deceased was making an inspection of a cut of cars, all of which were coupled together except one which was on the extreme western end of said cut; that while so engaged the cut of cars kicked by engineer Brown hit the foremost car with such suddenness, force, and violence that it hurled the same into the standing cut, causing the deceased to be thrown to the tracks and to be run over by the wheels of said cars, and that he thereby received injuries which resulted in his immediate death. . The plaintiff specifically charged that his death "was solely occasioned by the joint negligence of the defendants in the particulars hereinafter set forth," and that the defendants were negligent (a) in kicking said cars into said track at the great, rapid, and reckless rate of speed aforesaid (25 miles per hour) ; (b) in kicking said cars into said track, in violation of the established custom as aforesaid; (c) in failing to give notice to the deceased of intention to kick said cars into said cut in the manner aforesaid; (d) in failing so to control the movements of said cars as to avoid doing injury to deceased.

The railway company filed a timely petition and bond, seeking to remove the case to the district court of the United States for the northern district of Georgia, setting out, in addition to jurisdictional facts, that since the only acts of negligence charged against the railway company were those which it was said to have committed through its servant, the engineer Brown, different rules of substantive law governed with respect to its liability and that of its servant, as made under the pleadings, its liability being based on the doctrine of respondeat superior; and that consequently a separable controversy existed between it and the plaintiff. The court denied the petition for removal, and the exception is to that judgment.

From the allegations of the petition it is plain that the plaintiff is not basing her right of recovery on the sole negligence of the

engineer of the railway company, as it is alleged that the death was solely occasioned by the joint negligence of the defendants as specified. Assuming, but not deciding, that the acts of negligence specified under (a) and (b) were exclusively those of the engineer, it must still be held that the allegations under (c) and (d) are allegations of concurrent negligence, even though the acts alleged be acts of omission. The plaintiff is claiming that such acts of omission, or nonfeasance, concurred with the act of commission, or malfeasance, of the engineer in bringing about the death of the deceased. When concurrent negligence is charged against the master and the servant, as in the present case, the controversy is not separable or removable to the Federal court under the provisions of section 28 of the Judicial Code (28 U. S. C. A. § 71). *Vanzant* v. *Southern Railway Co.,* 135 *Ga.* 444 (69 S. E. 721) ; *Louisville & Nashville Railroad Co.* v. *Roberts,* 136 *Ga.* 270 (71 S. E. 425) ; *Atlantic Coast Line Railroad Co.* v. *Williams,* 27 *Ga. App.* 202 (107 S. E. 886) ; Chesapeake & Ohio Ry. v. Dixon, 179 U. S. 131 (21 Sup. Ct. 67, 45 L. ed. 121) ; Hay *v.* May Department Stores Co., 271 U. S. 318 (46 Sup. Ct. 498, 70 L. ed. 965) ; 23 R. C. L. 686. Moreover, even if it be assumed, as claimed by the plaintiff in error, that the only negligence set out in the petition is that of the servant, the engineer, and that the negligence of the railway company is only imputed, it is well settled by decisions of the Supreme Court of the United States and the appellate courts of this State that the case is not removable. *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191) ; *Southern Railway Co.* v. *Miller,* 1 *Ga. App.* 616 (57 S. E. 1090) ; *Postal Telegraph-Cable Co.* v. *Puckett,* 24 *Ga. App.* 458 (101 S. E. 397) ; *Southern Railway Co.* v. *Toccoa Rock Crushing Co.,* 47 *Ga. App.* 558 (171 S. E. 179) ; Alabama Southern Ry. *v.* Thompson, 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441, 4 Ann. Cas. 1147) ; Cincinnati, New Orleans & Texas Pacific Ry. *v.* Bohon, 200 U. S. 221 (26 Sup. Ct. 166, 50 L. ed. 448, 4 Ann. Cas. 1152) ; Southern Railway Co. *v.* Miller, 217 U. S. 209 (30 Sup. Ct. 450, 54 L. ed. 732) ; Chicago, R. I. & P. Ry. *v.* Schwyhart, 227 U. S. 184 (33 Sup. Ct. 250, 57 L. ed. 473) ; Chesapeake & Ohio Ry. Co. *v.* Cockrell, 232 U. S. 146; (34 Sup. Ct. 278, 58 L. ed. 544) ; 23 R. C. L. 686.

The contention of the plaintiff in error that a distinction should

be made in the present case, because the liability of the railway company is statutory, and that of the engineer is under the common law, is without merit. "A State has an unquestioned right by its constitution and laws to regulate actions for negligence; and where it has provided that the plaintiff in such cases may proceed jointly or severally against those liable for the injury, and the plaintiff, in due course of law and in good faith, has filed a petition electing to sue for a joint recovery given by the laws of the State, we know of nothing in the Federal removal statute which will convert such action into a separable controversy for the purpose of removal, because of the presence of a non-resident defendant therein properly joined in the action under the constitution and laws of the State wherein it is conducting its operations and is duly served with process." Cincinnati, New Orleans & Texas Pacific Ry. v. Bohon, supra. Where a master is joined with its servant in a suit in which the injury is alleged to have been brought about by the sole negligent act of the servant, the respective liabilities may be of importance as between the servant and the master, because, if a verdict be obtained against the master as well as against the servant, and the master is liable only because of imputed negligence from the act of the servant, the master may, when he pays the judgment entered up for the plaintiff, have a right of action against the servant whose sole negligence subjected the master to liability under the doctrine of respondeat superior. If, however, the master and the servant are sued jointly in a case where the master is charged with specific acts of negligence in addition to those of the servant, and judgment is rendered against both, the master is not at liberty to maintain an action against the servant by way of subrogation. But these considerations do not affect the right of the plaintiff to prosecute his action against both in the State court. "Where the right of removal [sought by a non-resident defendant] depends upon the existence of a separable controversy, the question is to be determined by the condition of the record in the State court at the time of the filing of the petition to remove. In an action of tort, the cause of action is whatever the plaintiff declares it to be in his pleading, and matters of defense can not be availed of as ground of removal." Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131 (21 Sup. Ct. 67, 45 L. ed. 121). "A de-

fendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it can not deprive a plaintiff of his right to prosecute his suit to final decision in his own way." Pirie *v.* Tvedt, 115 U. S. 41, 43 (43 Sup. Ct. 1034, 29 L. ed. 331) ; Sloane *v.* Anderson, 117 U. S. 275 (6 Sup. Ct. 730, 29 L. ed. 899) ; Little *v.* Giles, 118 U. S. 596, 600 (7 Sup. Ct. 32, 30 L. ed. 269) ; L. & N. R. Co. *v.* Wangelin, 132 U. S. 599 (7 Sup. Ct. 203, 33 L. ed. 473) ; Torrence *v.* Shedd, 144 U. S. 527, 530 (12 Sup. Ct. 726, 36 L. ed. 528) ; Connell *v.* Smiley, 156 U. S. 335, 340 (15 Sup. Ct. 353, 39 L. ed. 443) ; Powers *v.* Chesapeake & Ohio Ry. Co., 169 U. S. 92 (18 Sup. Ct. 264, 42 L. ed. 673). It is unquestioned that in Georgia a suit of this kind may proceed jointly against the master and the servant, and, as shown above, the plaintiff is concerned only with the liability of the defendants, and not with the question as to the kind of the respective liabilities of the defendants. "In order to determine the right of removal, it should be assumed that the well-pleaded facts alleged in the plaintiff's declaration are true, and when we do this, the petition in the instant case states a good cause of action against both resident and non-resident defendants as tested by the laws of Georgia; and if the declaration is the only pleading in the case, and it thus appears from the plaintiff's declaration that the joinder of the defendants is in the exercise of a lawful right, the case is not removable." *Phillips* v. *International Agricultural Corporation,* 54 *Ga. App.* 751 (189 S. E. 54).

We are aware that there are several decisions of the Federal district courts which hold contrary to the opinion we have reached, and we have carefully considered all of the cases cited by the plaintiff in error; but we are of the opinion that it has been settled by the Supreme Court of the United States, and the decisions of the appellate courts of this State above cited, that such a suit as is presented by the petition of the plaintiff in this case against the two defendants does not involve a separable controversy as to either of them, although at common law the cause of action would have been severable and not joint. Under the allegations of the petition, the liability of the non-resident defendant in the present case is absolute and primary, whether it be said that it arises only from the doctrine of respondeat superior, as contended by the plaintiff

in error, or that the allegations of the petition charge negligence on the part of the non-resident defendant concurring with the negligence of the servant to produce the alleged homicide of the plaintiff's husband. The allegations of the petition distinguish the present case from those cases where a separate and distinct charge of negligence is made against the non-resident defendant, sufficient in and of itself to give rise to a cause of action; as in *Southern Railway Co.* v. *Edwards,* 115 *Ga.* 1022 (42 S. E. 375), *Armour* v. *Bowden,* 50 *Ga. App.* 476 (178 S. E. 394), and cit. Inasmuch as the allegations did not show any separable controversy between the plaintiff and the non-resident defendant, entitling the latter to remove the cause to the Federal district court, the court did not err in denying the petition for removal.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*