26461. POWELL *et al.*, receivers, *v.* YOUNG *et al.*

DECIDED OCTOBER 29, 1937.

*Dykes & Dykes,* for plaintiff in error.
*R. R. Forrester, J. M. Forrester,* contra.

SUTTON, J. Roy Young brought suit for damages for $10,000 against Claude Roebuck, a resident of Sumter County, Georgia, and Leigh R. Powell Jr. and Henry W. Anderson, as receivers of the Seaboard Air-Line Railway Company, alleging that while riding as a guest in an automobile being driven by Claude Roebuck he received certain described injuries as a result of the automobile being driven by Roebuck into a string of freight-cars negligently left by the railway company so as to block a public crossing, the petition enumerating certain alleged acts of negligence on the part of the railway company in which Roebuck did not participate, and,

as to him, alleging that "at the time of said impact there was a slight drizzle of rain and although defendant Roebuck's car. was equipped with proper lights; that on account of the character of the night as aforesaid, and on account of said small street light [at the crossing], the rays from the headlights from said automobile did not and could not penetrate the rays of light of said street light, and the driver was unable to see the said freight-cars standing on said track;" and that "the defendant Roebuck was guilty of negligence in that he failed to bring his automobile to a stop before striking said freight-car; and that the combined negligence of the defendant Roebuck and the employees of the Seaboard Air-Line Railway Company was the proximate cause of petitioner's injury, and that petitioner was free from fault." The non-resident defendant filed a petition for removal of the case to the district court of the United States for the middle district of Georgia, Americus division, on the ground that the allegations of the petition made a separable controversy between citizens of different States. The court denied the application, and the defendant excepted. In this court the defendant in error made a motion to dismiss the writ of error, on the ground of non-joinder of parties, in that the plaintiff in error failed to make Claude Roebuck, the resident defendant, a party to the bill of exceptions, and that he was a necessary and indispensable party.

■ Assuming, but not conceding, that the resident defendant is a necessary and indispensable party, it appears from the record that he was personally served with a copy of the bill of exceptions; and while not therein named specifically as a party, it clearly shows on its face who are the parties; and accordingly no dismissal of the writ of error will result. "While good practice requires that the plaintiff or plaintiffs and the defendant or defendants in a bill of exceptions should be expressly designated as such by their names, the failure to do so will not work a dismissal of the bill of exceptions, if on its face it affirmatively and unequivocally shows who are the parties thereto." *Greenwood* v. *Greenblatt*, 173 *Ga.* 551, 554 (161 S. E. 135).

■ The petition in the present case alleged separate and distinct acts of negligence against the non-resident defendant, sufficient in and of themselves to give rise to a cause of action; and therefore the case is one involving a separable controversy between

citizens of different States, and is removable to the proper United States court. *Southern Railway Co.* v. *Edwards,* 115 *Ga.* 1022 (42 S. E. 375) ; *Armour & Co.* v. *Bowden,* 50 *Ga. App.* 476 (3) (178 S. E. 394).

■ Furthermore, the case was removable for another reason. It is well settled that one riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence; and as it appears that the petition did not allege generally or by specific facts that the resident defendant, the driver of the automobile, was grossly negligent, no cause of action was set out against him. Accordingly, where a non-resident railway corporation and a resident individual are joined as defendants in a suit filed in a State court, the corporation may remove the suit to the proper United States court, if the petition states no cause of action against the resident defendant. *Pan-American Petroleum Cor.* v. *Williams,* 45 *Ga. App.* 490 (165 S. E. 473) ; Plunkett *v.* Gulf Refining Co., 259 Fed. 968 (2).

*Judgment reversed. Stephens, P. J., concurs in the judgment for the reasons stated in divisions 1 and 2 of the opinion. Felton, J., concurs in the judgment for the reasons stated in divisions 1 and 3.*