27833. GENERAL MOTORS SALES CORPORATION *v.*
JORDAN.

DECIDED MARCH 15, 1940.  REHEARING DENIED MARCH 30, 1940.

*Hardin & McCamy, Wright Willingham,* for plaintiff in error.
*Jones, Powers & Williams,* contra.

MacINTYRE, J.. Leonidas A. Jordan, by next friend and guardian, William Ben A. Johns Jr., brought suit against May W. Cannon, a resident, and the General Motors Sales Corporation (Buick Motor Division), a non-resident, for the homicide of the plaintiff's mother, alleged to have been caused by the concurrent negligence of the two defendants while she was riding as a guest in the automobile of Mrs. Cannon. It was alleged, that the non-resident defendant negligently constructed the rear-axle assembly of the automobile and was negligent in selling and delivering or

causing to be sold or delivered to Mrs. Cannon said defective automobile, in failing to inspect the rear-axle assembly, and in failing to equip said automobile with any dependable rear-axle locking device which would serve as a lock and prevent the spreading of the rear wheels when the car was traveling at the speed as hereinafter alleged; and that Mrs. Cannon negligently drove the car in certain described particulars at a speed of more than seventy miles per hour. "Petitioner alleges that the gross negligence of the defendant Mrs. Cannon, in the particulars here specified, and the spreading of said wheels due to the negligence of the defendant General Motors Sales Corporation, in the particulars herein specified, concurred to cause the upsetting of said car and death of petitioner's mother. . . As the sole proximate result of the negligence of the defendant corporation, and the gross negligence of the defendant Mrs. May W. Cannon, as aforesaid, petitioner's mother was killed." "The plaintiff in error [General Motors Sales Corporation] filed a petition and bond for the removal of this case to the Federal court for the northern district of Georgia, Rome division, on the ground of a diversity of citizenship, and because the petition disclosed that there was a separable controversy between plaintiff in error and May W. Cannon," who were residents of different States, the amount involved in the suit, exclusive of interest and costs being largely in excess of $3000. On the hearing of this petition the court entered an order refusing to order a removal of the case. To this order exceptions were taken, and the case is now before this court on the sole question whether or not the petition set forth a separable controversy between May W. Cannon and the plaintiff in error as codefendants.

The Supreme Court, with reference to removal of causes to the Federal court, has said that "Although there may, in a suit against two or more defendants, one of whom is a non-resident, be charges of concurrent negligence against all, yet if there be also a distinct charge of negligence against the non-resident alone, *sufficient in and of itself to give rise to a cause of action,* the case is one involving a separable controversy between citizens of different States, and therefore removable to the proper United States court," and "when removal is proper, the effect is to carry the entire case into the Federal court." (Italics ours.) *Southern Railway Co.* v. *Edwards,* 115 *Ga.* 1022, 1024 (42 S. E. 375). See *Armour & Co.*

.v. *Bowden,* 50 *Ga. App.* 476 (178 S. E. 394). In other words, if the charge of negligence against the non-resident is distinct, and is sufficient in and of itself to give rise to a separate cause of action against the non-resident alone, the cause is removable. We recognize this rule, but we do not think it is inconsistent with the general rule that in order to remove a cause on the ground of a separable controversy there must be a controversy which is wholly between the plaintiff and the defendant seeking to remove, and which is capable of being finally determined between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit. There must be a separable and distinct controversy between the moving party and his adversary, which can be fully determined as between them; and the whole subject-matter must be capable of being so determined, and complete relief afforded as to the separate cause of action, without the presence of the other defendant who is joined in the original suit. Whether a cause is removable is of course determined solely from the plaintiff's petition; and "if the demand against the defendant seeking removal must involve the other defendant, there is no separable controversy. If the pleadings do not admit of separate and distinct trials, if the rights of the parties must be determined by the same rule, or on the same evidence, or if judgment must be for or against all the defendants, the cause is not removable." Lewis on Removal of Causes, 316, § 148. In remanding a case to the State court of Georgia, the Federal Circuit Court of Appeals, fifth district, said that in order for a severable controversy to exist, "the severable cause of action wholly between citizens of different States must be distinct from, disconnected with, and independent of the cause of action between citizens of the same State, and the elements of negligence constituting the separate controversies must be non-concurrent in causing the injury. This is clarified by reference to the history of the legislation. From 1789 to 1866 a separable controversy was not ground for removal. The act of 1866, 14 Stat. 306 (28 U. S. C. A. § 71, note), in express terms, authorized removal only of the separate controversy, leaving the remainder of the suit in the State court. The act of 1875, § 2, 18 Stat. 470, provided for removal of the entire suit, and there has been no change since that time in this provision." Tolbert *v.* Jackson, 99 Fed. 2d, 513, 515.

No question of fraudulent joinder of a resident defendant is raised. The sole contention is that a separable action is alleged; that is, "that there can be a final determination of the controversy between it and the plaintiff without the presence of the other defendant as a party in the case." Differing from a fraudulent joinder, there can be no separable controversy in a suit unless more than one cause of action is alleged. In the present case there is but one ground of suit, one reason for process, one cause of action, one occasion for damages. It is for the wrongful death of the plaintiff's mother. This is denominated in our State as an action for homicide; and so far as the plaintiff is concerned, there is but one action based upon a single wrong. See Siler v. Morgan Motor Co., supra. It is true that the non-resident has a separate defense as to furnishing its joint defendant with an automobile with knowledge of its defective condition, but it is not in and of itself a controversy solely between citizens of separate States, and which can be fully determined between them. Taking the act of the non-resident by itself (that is, furnishing a defective automobile), it is not a controversy at all, because no injury was done, no cause of action arose, until the accident happened. The furnishing of the defective automobile and placing it in general use in a dangerous and unsafe condition for its intended use is but one issue in the controversy, but one element or constituent of the cause of action against the non-resident. The other elements and the amount of damages claimed are common to both defendants, one of whom is a resident of Georgia, the other a non-resident. "These connecting, constitutent elements unite the controversy into a joint cause of action at the option of the appellant [plaintiff]. If separate suits were filed, there could be but one recovery awarding full damages; and a partial recovery would have to be credited on any subsequent claim for damages. What the appellant wants is not partial relief, but full compensation. The remedy which she [plaintiff] seeks requires the presence of both tort-feasors." Tolbert v. Jackson, 99 Fed. 2d, 513, 515. We think the reasoning in the Tolbert case by Judge Holmes of the Circuit Court of Appeals is sound, and we have in effect adopted it as our own.

The instant case is distinguishable from Southern Railway Co. v. Edwards (quoted above), where Judge Lumpkin held that under the allegations of the petition the plaintiff was proceeding both

on a joint cause of action against the non-resident and the resident defendant, and on a several cause of action also against the non-resident defendant alone. This we think is true, for on reading the opinion it is found that he said: "In so far as related to the joint acts of negligence [overloading the tender with coal] the case made by the plaintiff's petition would not be one which could properly be removed to the United States court." With reference to the alleged negligent act in not providing the engine with a careful and prudent engineer, he said, "That paragraph certainly did not charge an act of 'concurrent negligence,' . . but makes his [this] charge of negligence with respect to employing an incompetent engineer against the company alone. As to this particular matter, therefore, there was a 'separable controversy' between the plaintiff and the company." In other words, a joint and several action was alleged, joint against both, several against only the non-resident defendant. There being a several cause of action against the non-resident defendant alone, of course the case was removable. In the instant case, while the plaintiff might have based his suit on a separate, individual act of negligence of the non-resident, he did not elect so to do, but he elected to bring his suit alone on the joint acts of negligence of the resident and non-resident defendants. The facts that in dealing with the automobile in question the defendants acted entirely independently of each other, and that there was no relation of principal and agent, of master and servant, or of bailor and bailee between the defendants, nor did they in any way jointly participate with each other in the handling of the automobile, do not defeat a joint liability. Siler *v.* Morgan Motor Co., supra. The cause of action set out is joint; and the petition does not, in addition thereto, set out a several cause of action against the non-resident defendant alone, as was done in the *Edwards* case. Here the plaintiff pleads and relies on the joint cause of action against both the resident and the non-resident defendants, and this he had a right to do at his option.

In *Armour & Co.* v. *Bowden,* supra, Judge Jenkins was but reiterating the rule laid down in the *Edwards* case, and in effect held that the petition in that case showed both a joint cause of action against both defendants and a several cause of action against the non-resident defendant alone; and that the cause was removable. He did not exclude from this State the rule that if the petition

shows a joint cause of action alone, the cause is not removable. It is likewise distinguishable from the instant case. It follows that the demand against the non-resident defendant must necessarily involve the presence of the resident defendant, and that the cause is not removable. The cases cited by the plaintiff in error are distinguishable from the instant case.

*Judgment affirmed. Guerry, J., concurs.*

BROYLES, C. J., dissenting. I think that the petition sets forth a distinct and separable charge of negligence against the non-resident defendant alone. In my opinion this case is controlled by the decision in *Southern Ry. Co.* v. *Edwards,* 115 *Ga.* 1022 (supra). In that case the Supreme Court held that the allegation that the non-resident defendant was negligent in not providing a careful and prudent engineer "did not charge an act of 'concurrent negligence;' for it can not be true that the company's negligence in providing a careless and incompetent engineer was an act in which the latter participated." So, in the instant case, the allegation in the petition that the non-resident defendant (an automobile company) was negligent in selling the resident defendant a dangerously defective automobile did not charge an act of concurrent negligence; for it can not be true that the automobile company's negligence in providing such a defective car for the resident defendant was an act in which the latter participated. Nowhere in the petition is it alleged that the resident defendant knew, or had any reason to know, of the defects in the automobile. I think that the judgment should be reversed.

### ON MOTION FOR REHEARING.

MACINTYRE, J. In *Southern Railway Co.* v. *Edwards,* (supra), it appears from the record that in paragraph 11 of the petition the plaintiff alleged "that the defendant [non-resident] company was guilty of the following acts of negligence which brought about the injury to petitioner." Then followed subparagraphs a, b, c, d, and e, which enumerated the acts of negligence charged against the non-resident railway company. Subparagraph f stated that the defendant company was negligent "in not providing said engine with an engineer who was careful and prudent and who would not have permitted said tender to be thus overloaded." Paragraph 12 alleged "that the engineer operating the engine . . was *jointly and severally* liable with the said Southern Railway Company in the

injury of your petitioner; for that said engineer superintended the loading of said tender with coal and operated said engine at the time it ran by your petitioner and injured him." (Italics ours.) Paragraph 13 alleged "that said Thomas Russell [engineer] was guilty of the following acts of negligence whereby said injury was done to petitioner," and then recited in subparagraphs a, b, and c certain alleged acts of negligence charged against the engineer. Paragraph 15 alleged "that by reason of the aforesaid conduct the Southern Railway Company and the said Thomas Russell have injured and damaged your petitioner in the sum of ten thousand dollars, for which they are liable." It is clearer to our minds to say that this petition in the *Edwards* case set forth a joint cause of action against both defendants, and a distinct and separate cause of action against the non-resident as well as the resident defendant. Each defendant's separate acts of negligence are segregated in separate paragraphs, and such acts are charged to each alone, and the joint acts of negligence are segregated in a separate paragraph and are charged to both defendants jointly. It must be borne in mind that the non-resident defendant, being a corporation, acted only through its agents. Therefore the negligent acts of the engineer within the scope of his employment were not only his personal acts of negligence for which he was personally liable, but were also the negligent acts of the defendant corporation for which it was likewise liable. These negligent acts of the engineer coincided exactly with the negligent acts of the defendant corporation, and were in fact the same acts of negligence; however, the act of the corporation in hiring this incompetent engineer was not the act of the engineer; therefore the allegation in subparagraph f of paragraph 11 of the petition, charging negligence to the company "in not providing said engine with an engineer who was careful and prudent and who would not have permitted said tender to be thus overloaded," constituted a statement of a separate cause of action against the non-resident defendant company, and one in which the engineer did not join or participate. Therefore the petition could not have set forth a cause of action based alone on the joint, concurrent negligence of the resident and non-resident defendants.

In *Armour & Co.* v. *Bowden,* supra, on examination of the original record, it is found that the petition alleged in paragraph 3:

"That defendants have injured and damaged plaintiff *individually* and jointly in the sum of $5000, by reason of facts hereinafter set forth." (Italics ours.) In paragraph 17 it was alleged that the resident defendant, Bowden, was negligent in certain particulars which were specifically set forth in subparagraphs. Paragraph 18 alleged that the non-resident defendant was negligent in certain particulars which were set forth in subparagraphs, and then alleged: "And both defendants herein were negligent in failing to give plaintiff notice or warning that said sausage was poisonous and dangerous for human food before selling the same to him." In that case there was no express allegation in the petition that the plaintiff was exercising its option to proceed upon a joint cause of action alone. On the contrary, the pleadings expressly said that he was seeking a judgment against both resident and non-resident defendants, individually and jointly, and in separate paragraphs undertook to say what individual acts of negligence, what facts, constituted his cause of action; and the court in that case seems to have said that as to the individual non-resident defendant the acts of negligence set forth showed preliminary facts which, if true, warranted the plaintiff's conclusion (the ultimate fact) that he was entitled to recover against the non-resident defendant, irrespectively of any concurrent or non-concurrent acts of negligence on the part of the resident defendant; and thus the plaintiff in his pleading set forth a separate cause of action and presented for judicial determination the question of separate liability of the non-resident defendant. It seems to us that in that case the plaintiff exercised his option, and his pleading presented for judicial determination the question of both joint and separate individual liability of the resident and non-resident defendants. In the instant case, the plaintiff, it seems to us, was undertaking to exercise his option and to present by his pleading, for judicial determination, a cause of action based alone upon joint, concurrent acts of negligence giving rise to a cause of action against both of the defendants jointly. Paragraph 22 of the petition is in part as follows: "Petitioner alleges that the following acts of gross negligence of the defendant Mrs. Cannon, and the following acts of negligence of the defendant General Motors Sales Corporation, concurred to produce, and were the proximate cause of, the death of petitioner's mother." This part of paragraph 22 is then followed by allegations of the acts

of negligence of the resident defendant, Mrs. Cannon, which are specifically set forth in subparagraphs. Then immediately following, in the same paragraph (22), are allegations of the acts of negligence of the non-resident defendant, General Motors Sales Corporation, which are likewise set forth in subparagraphs. Notwithstanding the express allegations in paragraph 22 that the plaintiff is endeavoring to exercise his option of basing his suit solely on joint, concurrent negligence, he nevertheless further alleges in paragraph 23: "As the sole proximate result of the negligence of the defendant corporation and the gross negligence of the defendant Mrs. May W. Cannon, as aforesaid, petitioner's mother was killed." Thus the petition in effect alleges that the concurrent negligence of both defendants was the sole proximate cause of the death of the plaintiff's mother. It might be here said that none of the negligent acts alleged against the non-resident defendant was of such a character that it set forth a cause of action which excluded the resident defendant, as was true of subparagraph f of paragraph 11 of the petition in *Southern Railway Co.* v. *Edwards,* supra. If paragraphs 22 and 23 in the instant case (conceding but not deciding that the alleged acts of negligence are actionable) do not sufficiently allege that the plaintiff is exercising his option to base his suit solely on a joint cause of action, and if he has not done so by these allegations, it is difficult for us to understand how he must plead in order to exercise this option to sue the defendants jointly and base his cause of action alone on the joint concurrent negligence of both resident and non-resident defendants.

*Rehearing denied. Guerry, J., concurs. Broyles, C. J., dissents.*