29635. SOUTHEASTERN GREYHOUND LINES *et al. v.*
ESTES.

Decided November 4, 1942.

*Gambrell & White, Neely, Marshall & Greene,* for plaintiffs in error.

*James A. Branch, Thomas B. Branch Jr., James A. Branch Jr.,* contra.

Sutton, J.  Mrs. Bessie Gay Estes brought suit against Southeastern Greyhound Lines, a corporation of the State of Kentucky, American Mutual Liability Insurance Company, a corporation of the State of Massachusetts, and A. F. White, a resident of this State, to recover damages because of injuries alleged to have been sustained by her as a result of a collision between a bus owned by the bus company, on which she was a passenger, and a truck belonging to and being driven by White, the collision occurring on January 26, 1941, at a point on the public highway between Atlanta and Macon about two and a half miles south of Jackson, Georgia, while the bus was traveling in a northerly direction and the truck in a southerly direction.  It was alleged that in order to qualify to do business as a common carrier of passengers for hire in Georgia the bus company posted with the Public Service Commission of this State an insurance policy in which the insurance company undertook to protect any persons who might be injured or damaged as a result of the negligence of the bus company in the operation of its busses as a common carrier in this State, a copy of the policy being attached as an exhibit to the petition.

Negligence was alleged as follows:  The collision between the bus of the bus company and the truck of White was due to the negligent manner in which the said vehicles were being operated at the time.  The bus company was negligent in that, at the time of the collision, its bus was being operated at a rate of speed of approximately fifty miles an hour.  White was negligent in that,

at the time of the collision, he was operating his truck at a rate of speed of approximately fifty miles an hour. The bus company was negligent in that, previously to the collision, its driver did not give any signal warning to White of the approach of the bus. White was negligent in that, previously to the collision, he did not give any signal warning the operator of the bus of the approach of his truck. The highway and the shoulders thereof, at the place where the collision occurred, were wide enough for the said vehicles to have passed safely without colliding if they had pulled over to their respective sides of the highway or if either of the vehicles had pulled off onto the shoulder. The bus company and White were negligent in that, at said time and just previously to the collision, neither the operator of the bus nor White turned the respective vehicle to its right-hand side of the highway or as far to its respective right-hand side of the highway as each safely could at the time in an effort to avoid the collision. The place at which the collision occurred was on a curve. The bus company and White were negligent in that neither the driver of the bus nor the driver of the truck reduced speed in approaching and attempting to traverse the curve in the highway. After the collision the bus of the bus company ran down the road approximately one hundred and fifty yards and crossed the road to the left-hand side and was wrecked before the operator of the bus was able to bring it to a stop. The bus company was negligent in that, immediately following the collision, it did not apply the brakes on the bus and attempt to bring it to a stop, but delayed applying the brakes and allowed the bus to run undirected down the road and across it approximately one hundred and fifty yards and to become wrecked. The bus company was negligent in that, after colliding with the truck of White, the driver of the bus did not control the movements of the bus and bring it safely to a stop, but allowed it to run one hundred and fifty yards down and across the highway and become wrecked. The bus company was negligent in that, at the time it was operating the bus at such a great rate of speed, to wit, approximately fifty miles an hour, it was not able, after colliding with the truck, to bring the bus safely to a stop without the same being wrecked. "All of petitioner's injuries and damages were the direct and proximate result of the joint negligence of the defendants, Southeastern Greyhound Lines Inc. and A. F. White."

In proper time the bus company and the insurance company filed a motion for removal of the action to the United States district court for the northern district of Georgia on the ground that a separable controversy was shown by the petition to exist, and could be fully determined, between them and the plaintiff. The petition was denied and the exception here is to that judgment.

1. In this court the defendant in error filed a written motion to dismiss the writ of error on the ground that A. F. White, a defendant in the trial court and a necessary party, was not made a party defendant in the bill of exceptions and had never been served with a copy of the bill of exceptions and had not waived service thereof or consented that the cause proceed without him being made such a party. The bill of exceptions shows that the bus company and the insurance company were named plaintiffs in error, but only Mrs. Bessie Gay Estes was named defendant in error. The plaintiffs in error then filed a motion to amend the bill of exceptions by naming A. F. White a party defendant in error, attaching to the motion written waiver by White of service of the bill of exceptions and consent that he be made a party defendant in error and that the appeal be heard. In these circumstances the motion of the plaintiffs in error is granted and the bill of exceptions is amended as requested, and the motion to dismiss the writ of error is overruled. *Crovatt* v. *Baker,* 130 *Ga.* 507 (61 S. E. 127) ; *Bullard* v. *Wynn,* 134 *Ga.* 636 (68 S. E. 439). See also *National Life & Accident Insurance Co.* v. *Lockett,* 65 *Ga. App.* 866, 868 (16 S. E. 2d, 776).

2. The sole question presented is whether or not the case, under the allegations of the petition, is one which is removable to the Federal court. In 28 U. S. C. A., § 71, it is provided: "When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." In 28 U. S. C. A., § 41, it is provided that the matter in controversy must exceed, exclusive of interest and costs, the sum of $3000. "Several persons acting independently but causing together a single injury are joint tort-feasors, and may be sued either jointly or severally." *American*

*Agricultural Cor.* v. *Jordan,* 48 *Ga. App.* 493 (173 S. E. 488). It is the general rule, in determining whether such à separable controversy exists as will authorize a removal, that an action is not removable if the petition charges that the acts of negligence alleged against the resident defendant and the non-resident defendant concurred or joined in proximately producing the injury complained of. Chesapeake & Ohio Ry. Co. *v.* Dixon, 179 U. S. 131 (21 Sup. Ct. 67, 45 L. ed. 121) ; Gableman *v.* Peoria &c. R. Co., 179 U. S. 335 (21 Sup. Ct. 171, 45 L. ed. 220) ; *Vanzant* v. *Southern Railway Co.,* 135 *Ga.* 444 (69 S. E. 721) ; *L. & N. R. Co.* v. *Roberts,* 136 *Ga.* 270 (71 S. E. 425) ; *Southern Railway Co.* v. *Duncan,* 55 *Ga. App.* 302, 304 (190 S. E. 77) ; *General Motors Sales Cor.* v. *Jordan,* 62 *Ga. App.* 176 (8 S. E. 2d, 574) ; 23 R. C. L. 686, § 80. Where a plaintiff charges acts of negligence alleged to have concurred or joined in proximately producing the injury complained of the court has no right to say that any separable controversy exists. The plaintiff has a right to bring his suit as he sees fit, and the question as to whether any one defendant is properly charged with negligence is not for determination upon a motion to remove the case to the Federal court. Chesapeake & Ohio Ry. Co. *v.* Dixon, supra; Alabama Southern Ry. *v.* Thompson, 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441, 4 Ann. Cas. 1147) ; *Postal Telegraph-Cable Co.* v. *Puckett,* 24 *Ga. App.* 458 (101 S. E. 397) ; *Fowlkes* v. *Ray-O-Vac Co.,* 52 *Ga. App.* 338 (183 S. E. 210) ; *Hercules Powder Co.* v. *Deen,* 53 *Ga. App.* 650, 655 (187 S. E. 113) ; *Phillips* v. *International Agricultural Cor.,* 54 *Ga. App.* 751 (4) (189 S. E. 54) ; *Southern Railway Co.* v. *Duncan,* supra. So, under the above-mentioned authorities, however mistaken a plaintiff may be as to alleged acts actually concurring or joining in producing an injury it is his right, in so far as removal is concerned, to have his case proceed to trial upon the allegations as made by him as to concurrent or joint acts of negligence.

Nevertheless, "Although there may, in a suit against two or more defendants, one of whom is a non-resident, be charges of concurrent negligence against all, yet if there be also a distinct charge of negligence against the non-resident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different States, and

therefore removable to the proper United States court." *Southern Railway Co.* v. *Edwards,* 115 *Ga.* 1022 (42 S. E. 375); *Armour & Co.* v. *Bowden,* 50 *Ga. App.* 476 (3) (178 S. E. 394); *Hercules. Powder Co.* v. *Deen,* supra; *General Motors Sales Cor.* v. *Jordan,* supra; *American Fidelity & Casualty Co.* v. *Elder,* 189 *Ga.* 228, 232 (5 S. E. 2d, 668). As stated in the *Jordan* case, supra: "There must be a separable and distinct controversy between the moving party and his adversary, which can be fully determined as between them; and the whole subject-matter must be capable of being so determined, and complete relief afforded as to the separate cause of action, without the presence of the other defendant who is joined in the original suit. Whether a cause is removable is of course determined solely from the plaintiff's petition; and 'if the demand against the defendant seeking removal must involve the other defendant, there is no separable controversy. If the pleadings do not admit of separate and distinct trials, if the rights of the parties must be determined by the same rule, or on the same evidence, or if judgment must be for or against all the defendants, the cause is not removable.' Lewis on Removal of Causes, 316, § 148." If under the facts alleged in the petition in a suit against a resident defendant and a non-resident defendant it appears that no cause of action is set forth against the resident defendant, the suit may be removed to the Federal court, because in such a case only one controversy is shown to exist, that is, one against the non-resident defendant. *Pan-American Petroleum Cor.* v. *Williams,* 45 *Ga. App.* 490 (2) (165 S. E. 473); *Powell* v. *Young,* 56 *Ga. App.* 613 (3) (193 S. E. 358). "The facts that separate judgments may be entered against each defendant, and that separate defenses to a joint cause of action existed, do not create a 'separable controversy' subject to removal from the State to the Federal court. There can be no 'separable controversy' unless more than one cause of action is alleged." *General Motors Sales Cor.* v. *Jordan,* supra, (2); *Tolbert v.* Jackson, 99 Fed. 2d, 513.

Upon the application of the above-stated principles of law to the allegations of the petition in the present case, we are of the opinion that the trial court did not err in denying the motion for removal. The acts alleged against the non-resident defendant, Southeastern Greyhound Lines, as occurring after the collision,

do not expressly and unequivocally appear to be charged, in so far as the allegations are concerned, as the proximate cause, unconnected with any negligence of the resident defendant, of the plaintiff's injuries. While it is alleged that immediately following the collision the defendant, Southeastern Greyhound Lines, was negligent in failing to apply the brakes to the bus and in not attempting to bring it to a stop, but delayed applying the brakes and allowed the bus to run undirected down the road and across the road approximately 150 yards and to become wrecked, and that this defendant, after colliding with the truck of the defendant White, did not, through its driver, control the movements of the bus and bring it safely to a stop but allowed it to run 150 yards, and that the Southeastern Greyhound Lines was negligent in operating the bus at approximately 50 miles an hour, and that after colliding with the truck the driver of the bus was not able to bring it safely to a stop without wrecking the bus, it is further alleged in the petition that all of the plaintiff's injuries and damages were the direct and proximate result of the joint negligence of the defendants, Southeastern Greyhound Lines, the non-resident, and A. F. White, the resident defendant. The petition should be construed as alleging that the wrecking of the Greyhound bus as the result of any negligence occurring after the collision was such negligence. as was proximately connected with the negligence of the defendant, White, and the defendant, Southeastern Greyhound Lines, causing the collision. This is not an instance, as in *Southern Railway Co.* v. *Edwards,* supra, and other cases, where, in addition to alleging concurrent negligent acts the plaintiff also alleged separate and distinct acts of negligence against the non-resident defendant without alleging that they concurred with the other acts of negligence in producing the injury. Taking the allegations as made, no separate and distinct charge of negligence is shown against the non-resident defendant bus company, "sufficient in and of itself to give rise to a cause of action," but it being alleged that all of the acts of negligence concurred or joined in producing the injury, it follows that no separable controversy between citizens of different States is made to appear, and, consequently, the trial court did not err in denying the motion for removal.      *Judgment affirmed.   Stephens, P. J., concurs.*

FELTON, J. dissenting.   The petition in this case alleges: "21.

The defendant Southeastern Greyhound Lines Inc. was negligent in that, after colliding with said truck of said White, the driver of said bus did not control the movements of said bus and bring the same safely to a stop but allowed said bus to run 150 yards down and across said highway and become wrecked. 22. The defendant Southeastern Greyhound Lines Inc. was negligent in that at said time it was operating said bus at a great rate of speed, to wit, approximately 50 miles an hour, that after colliding with said truck of the said White it was not able to bring same safely to a stop without the same being wrecked. 23. In said collision and wrecking of said bus, your petitioner was seriously and permanently injured."

The allegations in these paragraphs clearly involve a separable controversy between the plaintiff and the bus company in which the individual defendant is in no way involved. It is true that the petition is contradictory in that in paragraph 22 it is alleged that the bus driver was not able to bring the bus to a stop after the collision, and in paragraph 32 that all of plaintiff's injuries were the direct and proximate result of the joint negligence of the defendants White and Southeastern Greyhound Lines. As the pleadings now stand, there being no demurrers directed at the petition for repugnancy, duplicity or misjoinder of causes of action, a recovery could be had by the plaintiff, if the evidence authorized it, for injuries due to the negligence of the bus driver after the collision, for which A. F. White would not be liable.