31932.   SOUTHEASTERN GREYHOUND LINES *v.*
GILSTRAP *et al.*

DECIDED MARCH 19, 1948.   REHEARING DENIED APRIL 1, 1948.

*Moise, Post & Gardner, Graham Wright, Neel & Ault,* for plaintiff in error.

*William A. Ingram, Matthews, Long & Moore,* contra.

TOWNSEND, J. (After stating the foregoing facts.) All of the decisions of the appellate courts of this State cited in the briefs of counsel for both sides, as well as one other decision of this court, are cited in support of the principle of law enunciated in the headnotes. All of said decisions either directly or indirectly support this principle; for, it matters not whether a case was held to be removable or not removable, according to the record of each such case, the principle of law set out in the headnote is the yardstick by which each case must be measured in order to determine its removability.

If the petition of the plaintiff alleges acts of negligence against such joint nonresident defendant that in and of themselves constitute a cause of action against such defendant, separable from and in no way dependent upon the acts of negligence alleged against the resident joint defendants, the cause of action is separable and the case is removable as to such joint nonresident defendant. On the other hand, if the acts of negligence charged against such joint nonresident defendant are such that they are interwoven with and dependent upon the acts of negligence charged against the resident joint defendants, so that the negligence of all is required to constitute the proximate cause, the case is not removable as to the nonresident joint defendant. There are many Federal cases which support this reasoning. However, none are cited, since the test is what the Georgia law provides relative to joint actions. See *Armour & Co.* v. *Bowden* (supra). Therefore the Federal authorities in this State are merely persuasive. They are not cited here, for the further reason that the question of whether or not the instant case is removable is clearly established by the decisions of our own appellate courts which are cited.

In the instant case, construing the petition of the plaintiff as a whole, it alleges in substance certain negligence against the defendants, including the charge that the nonresident defendant's bus was being driven by the agent of the defendant company in a northerly direction on said highway at a speed of 60 or 70 miles per hour and partially out of control when it was at a point several hundred yards from the car in which the deceased was riding; that, while being thus driven, it met the automobile being driven by the resident joint defendants at a point about 80 to 100 feet in front of the car in which the deceased was riding; that, at the meeting place of said vehicles on the highway, the car being driven by the resident joint defendants was failing to yield one-half of the traveled roadway to the bus; that, on account of the speed at which the bus was being driven, the curve in the road, its slippery surface, its width and character, the width, height, length, and weight of the bus, the fact that it was partially out of control then, and the fact that the other joint defendants were over the center of the highway with their car, caused the bus and the car being driven by the resident

joint defendants to collide, and this caused the bus to swerve to its left-hand side of the highway and collide with the car in which the deceased was riding. Thus, the concurring negligence of the joint nonresident defendant and the joint resident defendants is alleged to be so interwoven and dependent upon each other as to require the negligence of both to constitute the proximate cause. Let us suppose that the car which the Hamiltons were driving had continued over the center line and some 80 to 100 feet in front of the car in which the deceased was riding, but did not meet and collide with the defendant's bus. Certainly, under such circumstances, the collision resulting in the death of Jane Gilstrap would not have occurred. Then let us suppose that the defendant's bus, in meeting the car in which the deceased was riding, was being operated at the time partially out of control and at the rate of 60 or 70 miles per hour, but there was no car being operated over the center line between it and the car in which the deceased was riding. There is nothing in the petition of the plaintiff in the instant case that would indicate that a collision would have thus resulted between the bus and the car in which the deceased was riding. It is true that a bus being operated in the negligent manner alleged might have collided with the car. On the other hand, it might have run into the ditch on the opposite side of the road. Or complete control of it might have been regained and its speed reduced without any mishap. Therefore it follows that, according to the allegations of the plaintiff's petition, the concurrent negligence of the nonresident joint defendant and that of the resident joint defendants was required to constitute the proximate cause of the collision between the bus and the car in which Jane Gilstrap was riding, resulting in her death. See *Western Union Telegraph Co.* v. *Griffith,* 104 *Ga.* 56, *Southern Ry. Co.* v. *Edwards,* 115 *Ga.* 1022, *Pearl Assurance Co. Ltd.* v. *Bernath,* 185 *Ga.* 737, *McKenzie* v. *Standard Oil Co.,* 31 *Ga. App.* 615, *Pan-American Petroleum Corp.* v. *Williams,* 45 *Ga. App.* 490, *Armour & Co.* v. *Bowden,* 50 *Ga. App.* 476, *Powell* v. *Young,* 56 *Ga. App.* 613, *General Motors Sales Corp.* v. *Jordan,* 62 *Ga. App.* 176, *Southeastern Greyhound Lines* v. *Estes,* 68 *Ga. App.* 248, and *American Agricultural Chemical Corp.* v. *Jordan,* 48 *Ga. App.* 493, supra. The plaintiff in error relies on *Southern Ry. Co.* v. *Edwards,* supra, to sustain its position that the case

is a separable controversy and removable as to it. There the case was brought against the railway company and its engineer. An act of negligence charged to the railway company was that of providing a careless and incompetent engineer. It was held that this constituted a separable cause of action against the railroad company, because the resident defendant engineer did not participate in this negligence and he, being the agent of the principal, his negligence was imputed to the principal. What is said here as to *Southern Ry. Co. v. Edwards,* supra, applies in like manner to *Pan-American Petroleum Co. v. Williams,* supra, also relied upon by the plaintiff in error. In *Pearl Assurance Co. Ltd. v. Bernath,* supra, also relied upon by the plaintiff in error, a suit on a policy contract, against a nonresident principal and a resident agent, was held to be a separable controversy because, since the principal was disclosed, the agent was not liable and a cause of action independent of the resident agent was stated in the petition against the principal. *McKenzie v. Standard Oil Co.,* supra, also relied upon by the plaintiff in error, an action against a nonresident corporation and a resident agent, was held to be a separable controversy and removable, because the negligence charged to the nonresident company was selling the product alleged to have caused the injury; the petition further alleging that the agent's duties consisted of driving the principal's trucks and wagons in the delivery of the product, and the theory there being that the agent could not have participated in the selling charged against the nonresident principal, but again the relationship of principal and agent was present. In *Armour & Co. v. Bowden,* supra, the acts of negligence charged to the nonresident defendant consisted of the manner in which the product causing injury was packed, and the negligence charged to the merchant who sold it consisted of keeping the product for sale and in failing to return it to the manufacturer. It was held to be a separable controversy, because the acts of negligence obviously were separate and distinct. In *Powell v. Young,* supra, the acts of negligence charged against the nonresident defendant were leaving cars parked across the railroad crossing, and those charged to the resident defendant were driving the car in which the plaintiff was riding as a guest at night into the same; it being charged that the driver of the car could not have seen the cars because

his lights were insufficient to penetrate a street light which blinded him. The decision in that case upholds the principle of law enunciated in the headnote herein, because it says in the second division thereof that the acts of negligence alleged against the nonresident defendant were separate and distinct and sufficient within themselves to give rise to a cause of action.

The case here, as shown by the petition, is one of joint and several liability against the nonresident joint defendant and the resident joint defendants, and the doctrine of respondeat superior can in no way apply so as to impute negligence from one to the other. It was optional with the plaintiff whether to sue them jointly or severally. See *Western Union Telegraph Co.* v. *Griffith*, supra. The plaintiff having elected to sue jointly, and the petition not having alleged a separable and distinct controversy between the moving party and its adversary, which can be lawfully determined as between them without presenting also the negligence of the resident joint defendants in order to make out a case, the judgment of the trial court overruling and denying the petition to remove is without error.

*Judgment affirmed. MacInytre, P. J., and Gardner, J., concur.*