31070. BELL AIRCRAFT CORPORATION *v.* ANDERSON.

DECIDED MARCH 13, 1946. REHEARING DENIED MARCH 29, 1946.

634

*M. Neil Andrews, J. Ellis Mundy, L. M. Blair, Reid B. Barnes, Edgar A. Neely Jr.,* for plaintiff in error.

*Robert L. O'Neil,* contra.

MACINTYRE, J. "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. June 25, 1938, c. 676, § 16, 52 Stat. 1069." 29 U. S. C. A., § 216 (b). This case should be affirmed, if the court below was correct in holding that this was an action brought in a State court to recover unpaid minimum wages, overtime compensation, etc., under the fair labor standards act of 1938 (29 U. S. C. A., §§ 201 et seq.); and we think that it was not removable

to the district court of the United States at the option of the defendant over the objection of the plaintiff.

The question here presented was decided in Brantley v. Augusta Ice & Coal Co., 52 Fed. Supp. 158, by Judge Lovett of the United States District Court for the Southern District of Georgia, and he there said: "The right answer to the question posed turns upon the interpretation to be given to the language of the Fair Labor Standards Act, sec. 16 (b), which provides, 'Action to recover such liability (for unpaid wages, etc.) may be maintained in any court of competent jurisdiction,' and employees may designate an agent or representative 'to maintain such action.' 29 U. S. C. A., § 216 (b). Except for this section it seems clear the case would be removable without regard to citizenship or amount in controversy because it is a proceeding arising under a law regulating commerce, of which a federal district court has original jurisdiction. 28 U. S. C. A., § 71; 28 U. S. C. A., § 41(8); Mulford v. Smith, 307 U. S. 38, 46 (59 Sup. Ct. 648, 83 L. ed. 1092); Robertson v. Argus Hosiery Mills, 6 Cir., 121 Fed. 2d, 285, 286. Did Congress use the word 'maintain' twice in the same sentence in the narrow sense of filing, commencing or bringing suit, or in the larger meaning of prosecuting to final judgment? We should endeavor to discover, if we can, the legislative intention and then give effect to it, and doing so we would give ordinary words their usual significance unless it plainly appears some other meaning was intended. In the felicitous language of Judge Cardozo, 'The tokens of intention are within the statute and outside of it.' They are discussed in the cases I shall presently mention and will not be elaborated upon by me except to say that we must consider the words in the light of their purpose and not isolated from the text of the act. That some degree of continuity attaches to the word 'maintain' when used as here, see Smallwood v. Gallardo, 275 U. S. 56, 61, 48 Sup. Ct. 23, 72 L. Ed. 152, and 26 Words and Phrases (Perm. Ed.), p. 60, 61." Judge Lovett then lists a number of cases, some deciding for removal and some against removal, and all but one decided by district courts of the United States. More of these cases are decided against removal than are decided for removal. Judge Lovett then calls attention to and approves of what to him was the convincing reasoning and logic of Judge Otis in Fredman v. Foley Bros., 50 Fed. Supp. 161, and

of Judge Delehant in Booth ·v. Montgomery Ward & Co., 44 Fed. Supp. 451, and comes to the conclusion that the case he was considering was not removable.

We agree with the reasoning and logic of Judge Lovett and the authorities cited by him against removal in Brantley v. Augusta Ice & Coal Co., 52 Fed. Supp. 158; and there is little if anything that we can add to what is said in the Brantley, Booth, and Fredman cases, supra, and we feel that it is so well said by them that it is unnecessary to add anything thereto. We would however, like here to call attention particularly to the reasoning of Judge Delehant in Booth v. Montgomery Ward & Co., 44 Fed. Supp. 451 (5), which is: "This court is satisfied that the legislative purpose, in harmony with the prompting impulse of the Fair Labor Standards Act, was to grant a broad jurisdiction for the enforcement of the obligations imposed under the act, and specifically to vest the plaintiff employee with the election between the available courts. The reasons for that course are manifest. It was and is obvious that, except in very rare group or class actions, the amount of potential recovery under the act will be so small that the aggrieved employee will be tempted to abandon the vindication of his right unless he may institute his·suit and prosecute it to effect in a court of his own choice, within his immediate neighborhood, and without burdensome and disproportionate expense both in money and in time. To that end, the court considers that the Congress employed apt language, in providing that the suits arising under the law 'might be maintained in any court of competent jurisdiction.' In that context, 'maintained'. does, indeed, signify 'commenced;' but it also includes within its significance every requisite step in carrying the suit, once commenced, to effect. In employing the term the Congress did not intend to do a vain, or a cruelly deceptive thing."

We also call attention to the reasoning of Judge Otis in Fredman v. Foley Bros., 50 Fed. Supp. 161, 163 (4), as follows: "A second argument used against the liberal interpretation is this: Congress could have expressly provided that no case under the act instituted in a State court should be removable from that court. In other acts Congress has done that, it is said. Congress could have done that here and did not. But Congress is bound by no formula. If the meaning is clear, effect is to be given to it,

whatever formula is used. The meaning is clear when it is said: 'Action to recover such liability may be *maintained* in any court of competent jurisdiction.' Indeed it will be found by a little experimentation that the most concise, clear, and succinct language was used to convey the idea involved in the liberal interpretation and that, in this instance, to use the words, 'shall not be removable' would necessitate involved language not a whit more clear than the language used."

While the authorities are conflicting, we follow the case of Brantley v. Augusta Ice & Coal Co., 52 Fed. Supp. 158, and the cases listed there by Judge Lovett as supporting it. We hold that the instant case was not removable from the State court, at the option of the defendant and over the objection of the plaintiff, to the district court of the United States.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. The plaintiff in error filed a motion for a rehearing in this case. The sole question involved is whether or not a case brought in a State court under the fair labor standards act is removable to the Federal District Court. The plaintiff in error in its brief supporting such motion cites Sonnesyn v. Federal Cartridge Co., 54 Fed. Supp. 29 (decided February 14, 1944); and the Sonnesyn case is the only one cited by the plaintiff in error that has been decided since August 24, 1943, when Brantley v. Augusta Ice & Coal Co., supra, was decided, upon which case, together with its citations, this court relied in deciding the instant case. However, since the Sonnesyn case it has been said by District Judge Dewey in Roy Smith v. Day and Zimmerman (U. S. D. C. for the Southern District of Iowa, Nos. 156 & 157, 10 Labor Cases, par. 63,011), decided February 28, 1946: " 'I am conscious of the rule relied upon by the defendant that repeals by implication are not favored, and as stated by Judge Joyce in Sonnesyn v. Federal Cartridge Co. (54 Fed. Supp. 29), . . 'It may be presumed that Congress, in enacting a statute, acts with full knowledge of existing statutes relating to the same subject, and where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute.' But it is the intention of the Congress that prevails, and *where the terms of the statute clearly indicate an intention to override another*

*statute, the presumption is overcome.'*" (Italics ours.) This district court seemingly did not agree with the Sonnesyn case.

Also, since the Sonnesyn case, in Tobin *v.* Hercules Powder Company (U. S. D. C. for Delaware, Nos. 663 and 654), 63 Fed. Supp. 434, decided November 27, 1945, District Judge Leahy said: " 'Although it is settled that removal jurisdiction exists where both Federal and State Courts have concurrent original jurisdiction, the language in sec. 16 (b) of the F. L. S. A., providing that the action might be "maintained in any court of competent jurisdiction," shows a congressional intent to afford employees the obvious advantages of settling small claims in the local tribunals. If the F. L. S. A. confers removal jurisdiction on the Federal courts, then it gives us in everyday practice exclusive jurisdiction at the option of the employer. This, in effect, would emasculate the right to maintain the action "in any court of competent jurisdiction." Since the F. L. S. A. is obviously concerned primarily with employee welfare, to give substantial meaning to "any court of competent jurisdiction," requires the conclusion that sec. 16 (b) was intended to restrict the scope of the Removal Act.' " And also, since the Sonnesyn case, in Grand Lodge of the International Association of Machinists *v.* Continental Air Lines, Inc. (U. S. D. C. for Colorado, No. 1438, decided January 25, 1946), District Judge Symes said: " 'The statute doesn't say that the action contemplated may be "brought." It says "maintained." Now, "maintained" in my opinion means something more than just the initiation of a suit. You commence a suit by filing a bill of complaint and issuing a summons, but to maintain a suit, as I understand the term, means to carry on through the full judicial process—that is, the trial and all of the proceedings incident to carrying the case through to a final judgment. So, as I construe it, the term means that such a case may be maintained in any court of competent jurisdiction, including a State court, and that, in my opinion, bars removal to this Court, it having been started in the State court.' "

In *General Motors Sales Corp.* v. *Jordan,* 62 *Ga. App.* 176 (3) (8 S. E. 2d, 574), it is said: " 'Respecting removability, Federal court should be as careful to avoid encroachment on the State court's proper jurisdiction as it is vigilant in protecting its own jurisdiction; and doubt, if any, should be resolved in favor of re-

mand to State court.' Siler *v.* Morgan Motor Co., 15 Fed. Supp. 468, 469."

Upon consideration the motion for a rehearing is

*Denied. Broyles, C. J., and Gardner, J., concur.*